[Civ. No. 24047.   First Dist., Div. Two.   Jan. 30, 1968.]

BURLEY LEE MATLOCK et al., Plaintiffs and Respondents, v. FARMERS MERCANTILE COMPANY et al., Defendants and Appellants.

Hoge, Fenton, Jones & Appel and Lewis L. Fenton for Defendants and Appellants.

Panelli & Agliano, Nat A. Agliano and Robert L. House for Plaintiffs and Respondents.

TAYLOR, J.—Defendants appeal from an order granting a new trial to plaintiffs in their action for damages for personal injuries sustained in an intersection collision between an automobile driven by plaintiff Leferink and a truck owned by defendant Farmers Mercantile Co. (hereafter Farmers) and driven by their employee, defendant Harry A. Moranda. There was no plea of contributory negligence. Farmers admitted the agency and scope of employment, so the only questions submitted to the jury were the negligence of Moranda, proximate cause, and damages. The trial resulted in a defense verdict and thereafter, the court granted plaintiffs' motion for a new trial on the ground of insufficiency of the evidence. The contentions on appeal are that the order granting the new trial for insufficiency of the evidence cannot be sustained as the evidence fails to demonstrate any negligence on the part of Moranda, and the trial court failed to comply with section 657 of the Code of Civil Procedure.

.The record reveals the following: the accident occurred at the intersection of Abbott Street and Airport Boulevard in Salinas. Abbott is a four-lane divided street running north and south; Airport, a two-lane street running east and west, and terminating at Abbott in a T intersection, with a stop sign for the westbound traffic. About 7:45 a.m., on December 9, 1964, plaintiff Leferink, with his father-in-law, plaintiff Matlock, as his passenger, approached the intersection in his 1960 Studebaker sedan. He was proceeding west on Airport, stopped at the stop sign at the Abbott intersection, and looked for traffic in all directions. He intended to cross the northbound lanes of Abbott and make a left turn into the innermost southbound lane of Abbott. Meanwhile, Moranda, driving a light colored one-half ton pickup truck, approached the intersection traveling north on Abbott in the innermost northbound lane at a speed of 40 miles per hour.

The pavement was wet; the weather was hazy with heavy fog and limited visibility. Leferink estimated the visibility at about 100 feet; Moranda, from 300 to 500 feet; one of the police officers investigating the accident, from 75 to 275 feet.

The uncontroverted evidence indicates that although Moranda had had his headlamps on and windshield wipers going, at one point in his travel he had turned both off about four miles before the intersection and never turned them on again, although he noted that the fog was drifting in and out. He saw that the southbound vehicles on Abbott near the intersection all had their headlamps on. Plaintiffs, one of the police officers, and the ambulance driver, indicated that all vehicles traveling in the area had their headlights on. After Leferink stopped at the stop sign at Abbott and Airport, he looked to his left and saw the lights of three northbound cars nearing the intersection. He waited for the cars to pass, then saw no lights or other evidence of approaching vehicles, and started across the intersection. He was across the outermost northbound lane and almost across the innermost northbound lane beginning his left turn when Moranda's unlighted pickup truck traveling in that lane hit him broadside. The truck left 70-75 feet of skidmarks.

Moranda was about 85 feet from plaintiffs' vehicle when he first saw it traveling two or three miles per hour, just entering the outermost northbound lane on Abbott. He was not paying any attention to the lights of plaintiffs' vehicle and could not remember at the trial whether they were on or off.

The trial court ordered "that a new trial be and the same is hereby granted to both plaintiffs as to both defendants upon

the ground of insufficiency of the evidence to justify the verdict. The reasons for granting the new trial upon the ground hereinbefore stated are as follows: there being no plea of contributory negligence, and agency and scope of employment being admitted, the case was submitted to the jury for decision upon the issues of negligence of the driver, Henry A. Moranda, proximate cause and damages. There was substantial evidence produced at the trial which disclosed that both plaintiffs were injured and both plaintiffs suffered injury as a proximate result of the automobile accident in which the parties were involved. The evidence further discloses substantial evidence that Henry A. Moranda, agent of Farmers Mercantile Co., was negligent in the manner in which he drove the defendant's automobile at the time and place of the accident involved in this case.''

Section 657 of the Code of Civil Procedure was amended in 1965 (Stats. 1965, ch. 1749) and, so far as pertinent, is as follows: ''When a new trial is granted, on all or parts of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated.

''A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, *that the court or jury clearly should have reached a contrary verdict or decision.*

''The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. The court shall not direct the attorney for a party to prepare either or both said order and said specification of reasons.

''On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons; provided, that the order shall not be affirmed upon the ground of the insufficiency of the evidence to justify the verdict or other decision unless such ground is stated in the order granting the motion; and

provided further that on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive damages appearing to have been given under the influence of passion or prejudice, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons." (Italics added.)

In the instant case, as indicated above, there was no question of contributory negligence, and the only issues for the jury were negligence, proximate cause and damages. The evidence clearly established that Moranda's negligence was a proximate cause of the accident since Leferink, having yielded to the other cars with lights and believing that the way was clear, carefully began to cross Abbott at a speed of two to three miles per hour prior to making a left turn. He pulled into the path of the truck driven by Moranda at a speed of 40 miles per hour. All of the substantial evidence indicated that *at the time of the accident,* visibility was not 500 feet, that Moranda did not have his headlights on and thus was in violation of section 24400 of the Vehicle Code.[1] Such a violation would raise a presumption of defendant's negligence as a matter of law (*Alarid* v. *Vanier,* 50 Cal.2d 617 [327 P.2d 897]). We conclude that the statutory standard of Code of Civil Procedure section 657 has been met and that the court did not abuse its discretion in granting a new trial. A review of the evidence convinces us that the jury "clearly should have reached a contrary verdict."

In *Mercer* v. *Perez,* 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315], the Supreme Court dealt specifically with the contents of the order. The court pointed out that no hard and fast rule could be laid down as to the content of the specification of reasons, which would necessarily vary according to the facts and circumstances of each case. The court said at page 116: ". . . if the ground relied upon is 'insufficiency of the evidence' the judge must briefly recite the respects in

---

[1]Section 24400 of the Vehicle Code provides, so far as pertinent, "During darkness, every motor vehicle other than a motorcycle, shall be equipped with at least two lighted headlamps, with at least one on each side of the vehicle. . . ." Section 280 of the Vehicle Code defines darkness, so far as pertinent, as any time when "visibility is not sufficient to render clearly discernible any person or vehicle on the highway at a distance of 500 feet."

which he finds the evidence to be legally inadequate; no other construction is consonant with the conclusive presumption on appeal that the order was made 'only for the reasons specified.' Phrasing the requirement in terms of the codification of the trial judge's power in the second paragraph of the amendments, such an order must briefly identify the portion of the record which convinces the judge 'that the court or jury clearly should have reached a different verdict or decision.' "

■ Here, the court's minute order indicated the ground as the insufficiency of the evidence and the reasons as the substantial evidence of Moranda's negligence and the failure to plead and prove contributory negligence. Under the brief facts of this case, all of the substantial evidence adduced pointed to the negligent conduct of defendant as a matter of law, and for the court to have identified the testimony bearing on defendant's negligence would have required a summary of almost the entire record, including the testimony of the defendant himself. ■ As stated in *Mercer*, there is no "hard and fast rule" and the content of the specification "will necessarily vary according to the facts and circumstances of each case." ■ We, therefore, conclude that under the circumstances of this case, the reasons recited by the court amounted to sufficient compliance with the procedure set forth in section 657 as interpreted in *Mercer, supra.*

The order is affirmed.

Shoemaker, P. J., and Agee, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 28, 1968.