[Civ. No. 31510.   Second Dist., Div. Five.   June 11, 1968.]

HARRY EARL FUNDERBURK et al., Plaintiffs and Respondents, v. GENERAL TELEPHONE COMPANY et al., Defendants and Appellants.

Morgan, Wenzel, Lynberg & Morris and Allen J. Kent for Defendants and Appellants.

Edward M. Daley for Plaintiffs and Respondents.

KAUS, P. J.—Defendants appeal from an order granting plaintiffs a new trial in their action for the alleged wrongful death of Corda E. Funderburk.

The accident out of which the action arose occurred on January 9, 1965, when a van owned by the defendant General Telephone Company of California and driven by its employee, the defendant Green, hit the decedent in a marked crosswalk.

The case went to the jury on the issues of negligence, contributory negligence, proximate cause and damages. The jury rendered a unanimous verdict in favor of defendants. After the jury was polled the following colloquy took place between the court and the foreman of the jury: "THE COURT: Unanimous. Mr. Dunsmoor, normally this question is not asked of you, but I take it from the question that you asked of me earlier when you were asking the Court to read the instructions, was it the decision of the jury that there was no negligence in Mr. Green in the operation of the motor vehicle at the time? MR. DUNSMOOR: Yes. THE COURT: That was the basis of the jury's verdict? MR. DUNSMOOR: Yes, sir. THE COURT: All right. . . ."

Plaintiffs then filed their notice of intention to move for a new trial. The motion was granted. The relevant portion of the minute order reads as follows: "Plaintiffs' motion for new trial is granted on the ground of insufficiency of the evidence to justify the verdict of the jury, which verdict was against the law on the ground that the evidence and the law establish that the defendant driver was negligent in the operation of the vehicle, contrary to the finding by the jury as stated by the jury to the Court. . . ." Defendants claim that the order is void because (1) the specification of reasons does not comply with the mandate of the 1965 amendments to section 657 of the Code of Civil Procedure (*Mercer* v. *Perez,* 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315]) ; and (2) the court was not authorized to rely on the foreman's informal reply to the court's informal question. In addition defendants claim that "the granting of plaintiffs' motion for new trial constituted prejudicial error."[1]

█ We first deal with the causerie between the court and Mr. Dunsmoor. We agree with defendants that by no stretch of the imagination can it be given the effect of an answer to a

---

[1]Obviously if the court erred in granting the new trial, the error was prejudicial. As will be seen, what defendants really seem to argue under this heading is that the 1965 amendments removed the power of the court to grant a new trial merely because it disagreed with the jury.

special interrogatory. (Code Civ. Proc., § 625.) If we can affirm the order granting a new trial only if the record establishes that the defense verdict is based on a jury finding of lack of negligence on Green's part, we would have to reverse.[2]

■ Nothing of the kind appears from the record. For reasons which we shall explain, the minute order stated an adequate ground for the new trial—insufficiency of the evidence —and supported it by an adequate reason[3]—that the driver was negligent in the operation of the vehicle. Does the addendum "contrary to the finding of the jury as stated by the jury to the court" compel a reversal?

Undeniably this phrase creates the impression that the court might not have granted the motion had it not been satisfied that the jury reached its verdict by way of a finding that Green was not negligent. Since proximate cause and substantial damages were not really disputable, the only other alternative by which the jury could have found for defendants was by way of a finding of contributory negligence. The inference from the addendum is that had the jury found for the defendant on that issue the court would agree with it and deny the motion. On the other hand we are faced with the undeniable fact that the court granted the motion and the strong presumption that it was aware of its powers and statutory limitations thereon.[4] If the court really felt that the decedent's own negligence contributed to the accident, it should have denied the motion because the verdict was proper, regardless of the route by which it was reached by the jury. Since we must assume that the trial court knew that it was not supposed to grant a new trial merely because it differed with the jury's path toward a decision with which it agreed,

[2] We know of no requirement that all jurors reach their verdict by the same route. A reading of BAJI 113 which is often given in negligence cases where contributory negligence is in issue, discloses that the step-by-step process suggested by the instruction permits the juror to whom it is addressed to vote for a defense verdict for three entirely different reasons. There is nothing in the present record to show that the foreman knew by what process of reasoning his fellow jurors had made their individual determinations.

[3] As *Mercer* v. *Perez, supra,* explains, technically what the court gave as the second "ground" for the order, is what section 657 of the Code of Civil Procedure calls a "reason" for granting the new trial. We are, of course, not concerned with labels but with substance.

[4] The version of section 657 of the Code of Civil Procedure in effect when the subject motion was granted in 1966 read, in relevant part, as follows: "A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a contrary verdict or decision."

we must further assume that the trial court did not find in defendant's favor on the issue of contributory negligence.

Thus when the trial court granted the motion for a new trial after an express finding that Green had been negligent, the court, by necessary implication, found against the defense of contributory negligence. This implication arises from the presumption[5] that the court knew that in a wrongful death case based on negligence, where contributory negligence is in issue, the heirs cannot win if the decedent herself was negligent.

▇▇▇.The next issue is whether or not the statement in the order ''that the evidence and the law establish that the defendant driver was negligent in the operation of the vehicle'' complies with the requirement of section 657 that the order ''shall specify . . . the court's reason or reasons for granting the new trial . . .'' This requirement was recently explained by the Supreme Court in *Mercer* v. *Perez*, 68 Cal.2d 104, 115-116 [65 Cal.Rptr. 315, 436 P.2d 315].

Unquestionably the specification in the case at bar is more definite than the one held to be inadequate in *Mercer*. The problem is whether it complies with the guidelines set forth in that case.

Adverting to what it would hold to be an adequate specification the court, in *Mercer*, says: ''. . . To avoid overtaxing our already burdened trial courts, it will be sufficient if the judge who grants a new trial furnishes a concise but clear statement of the reasons why he finds one or more of the grounds of the motion to be applicable to the case before him. No hard and fast rule can be laid down as to the content of such a specification, and it will necessarily vary according to the facts and circumstances of each case. For example, if the ground is 'irregularity in the proceedings' caused by counsel's referring to insurance, the judge should state that the reason for his ruling was the misconduct of counsel in making such reference; if the ground is 'misconduct of the jury' through their resorting to chance, the judge should specify this improper method of deliberation as the basis of his action; if the ground is that the decision is 'against the law' because of a failure to find on a material issue, the judge

---

[5]At a later point in this opinion where it will be more convenient to do so we shall deal with the problem whether and to what extent the 1965 amendments to section 657 of the Code of Civil Procedure changed the customary presumptions (*Yarrow* v. *State of California*, 53 Cal.2d 427, 434-435 [2 Cal.Rptr. 137, 348 P.2d 687]) in favor of the order granting a new trial.

should so state and should identify that issue. And to give full effect to the new scope of review provided in the fourth paragraph of the 1965 amendments, discussed hereinabove, we hold that if the ground relied upon is 'insufficiency of the evidence' the judge must briefly recite the respects in which he finds the evidence to be legally inadequate; no other construction is consonant with the conclusive presumption on appeal that the order was made 'only for the reasons specified.' Phrasing the requirement in terms of the codification of the trial judge's power in the second paragraph of the amendments . . . *such an order must briefly identify the portion of the record* which convinces the judge 'that the court or jury clearly should have reached a different verdict or decision.' '' (Italics added.)

Does the order under review comply with the italicized portion of the above quote? In *Kincaid* v. *Sears, Roebuck & Co.,* 259 Cal.App.2d 733 [66 Cal.Rptr. 915] the appeal was from an order granting a motion for new trial to defendant in a malicious prosecution action. The relevant portion of the order read as follows: ''. . . 'The motion of said defendant for a new trial is granted upon the ground of the insufficiency of the evidence to justify the verdict and the judgment entered thereon, *for the reason that the evidence does not establish by a preponderance thereof that the defendant did not have probable cause for the arrest of plaintiff. . . .''* (*Ibid,* p. 736) There, as here, the question was whether the order complied with *Mercer.* The court said: ''Our reading of *Mercer* v. *Perez* leads us to what we believe is the more reasonable and practical construction. We conclude that the trial judge is not necessarily required to cite page and line of the record, or discuss the testimony of particular witnesses, but instead he need only point out the particular 'deficiency' of the prevailing party's case which convinces him the judgment should not stand. This accomplishes the purpose of the statute by enabling a reviewing court to 'determine if there is a substantial basis for finding such a deficiency.' . . .

''Obviously, as recognized by *Mercer* v. *Perez,* the particularity with which reasons must be stated will vary according to the case and the grounds and reasons on which the order granting a new trial is based. For instance, *Mercer* v. *Perez* states that 'if the ground is ''irregularity in the proceedings'' caused by counsel's referring to insurance, the judge should state that the reason for his ruling was the misconduct of counsel in making such reference; if the ground is ''mis-

conduct of the jury'' through their resorting to chance, the judge should specify this improper method of deliberation as the basis of his action; if the ground is that the decision is ''against the law'' because of a failure to find on a material issue, the judge should so state and should identify that issue.' . . . As to such grounds it is ordinarily possible to state the required reasons with thorough specificity within a sentence or two.

''But when a new trial is granted on the ground of 'insufficiency of the evidence' (and perhaps 'excessive' or 'inadequate' damages) such a precise but brief statement of reasons is rarely possible. Such a new trial is not granted for an act or omission which can readily be pointed out. Instead, it may be granted only when *'after weighing the evidence the court is convinced from the entire record, including reasonable inference therefrom'* that a different decision clearly should have been reached. (Italics added.) (Code Civ. Proc., § 657.)

''Manifestly it would be unreasonable to infer a statutory intent that the court's stated reasons embrace a discussion of the weight to be given, and the inferences to be drawn from each item of evidence supporting, or impeaching, the judgment. This, we believe, is why the court in *Mercer* v. *Perez, supra,* . . . stated 'we hold that if the ground relied upon is ''insufficiency of the evidence'' the judge must *briefly* recite the respects in which he finds the evidence to be legally inadequate.' . . .

''*We consider that such a brief recital of the respects in which the evidence is legally inadequate might be accomplished in the ordinary negligence action after verdict and judgment for plaintiff, by a specification that 'the defendant was not negligent' or that 'the defendant's negligence was not the proximate cause of plaintiff's injuries' or that 'the plaintiff was contributorily negligent,' or that 'the plaintiff suffered no damages.'* '' (*Ibid.,* pp. 738-739. Italics ours.)

Defendants say that the last paragraph of this quote from *Kincaid* is obiter, since *Kincaid* was not a negligence action. True, but even without the example from the field of negligence, we think that *Kincaid* stands for a rule that a specification of reasons couched in terms of ultimate fact is adequate.

There is one further problem however. In *Kincaid* the trial court found that a preponderance of the evidence had not established that the defendant did not have probable cause for the arrest of the plaintiff. Without proof of lack of probable cause the plaintiff had no case in that action for malicious

prosecution. Had the case been tried to a court no additional findings would have been necessary. (*Sheppard* v. *Wilcox,* 210 Cal.App.2d 53, 66 [26 Cal.Rptr. 412].) On the other hand, had the case at bar been tried to a court, there being substantial evidence of contributory negligence, a mere finding that defendant's negligence had proximately caused the death of plaintiffs' decedent, would have been inadequate to support a judgment for plaintiffs. (*Chacon* v. *Austin,* 110 Cal.App.2d 145, 147 [241 P.2d 1037].)

The question then, is this: where the trial court, in granting a new trial on the insufficiency of the evidence articulates one reason for its order, entirely consistent with the action taken, must it, in effect, furnish the litigants and the appellate court with a full set of findings in order to negative the possibility that its findings on other issues were such that they would vitiate the order if articulated?

The question must be answered in the light of the legislative mandate that ". . . on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict . . . it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order . . . and *such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons.*" (Code Civ. Proc., § 657. Italics added.)

The italicized language from section 657 alone ought to be dispositive of the point, since concededly there is a substantial basis in the record for the reason given by the trial court; but apart from the statute there is case law on the point.

An identical problem was before this division in *Kramer* v. *Boynton,* 258 Cal.App.2d 171 [65 Cal.Rptr. 669], a battery case. The jury came in for the defendant. There were two possible bases for the verdict: 1. self-defense; and 2. no damages. The order granting the new trial merely specified that the evidence was insufficient on the issue of self-defense. It said nothing about damages.

In *Kramer* v. *Boynton, supra,* it was argued that the conclusive presumption found in the excerpt from section 657 quoted above[6] meant that the order was fatally defective in that it did not contain a finding that plaintiff was damaged.

---

[6] ". . . on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict . . . *it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order. . . .*"

The parallel point in the case at bar is that the order lacks a finding that decedent was not negligent. We answer the contention by quoting from the *Kramer* opinion: "In other words, it is contended that although it is presumed that the trial court knew the law and was aware that the whole problem of self defense was academic if plaintiff suffered no injury, section 657 now demands that he make a record of his belief—implicit in the order granting the new trial—that plaintiff was damaged.

"We do not believe that the Legislature ever intended such an interpretation of the 1965 amendments. The point of the provision creating the conclusive presumption is to prevent affirmances on theories never articulated by the trial court, but 'presumed' to have been the basis of the order where the enunciated reasons for the order do not justify it. We do not believe that the conclusive presumption was intended to lead to reversals of orders granting new trials simply because the trial court does not set forth each and every step in its reasoning which leads it to grant the motion where the specifications of reasons are in themselves supported by the record." (*Ibid.*, p. 175.)

Defendants distinguish *Kramer* on the basis that there the order was more carefully drawn than in the case at bar. That may be true, but right or wrong we have already held that here the order was specific enough to satisfy section 657 and *Mercer*. On the issue on which the *Kramer* order was silent—lack of damages—it was no more eloquent than the present order is on the issue of contributory negligence.

In the final portion of their brief, defendants argue—if we understand them correctly—that the 1965 amendments were somehow intended to curb the power of trial courts to grant new trials if they disagreed with the verdict. We think it is clear from *Mercer* that this assumption is wrong. All that the amendments intended to accomplish was to give the party against whom the order is directed a meaningful appeal in which the grounds and reasons which actually moved the trial court to grant the new trial can be intelligently canvassed. (See also *Kramer* v. *Boynton, supra.*) The amendments were not designed to guarantee a reversal.

The order is affirmed.

Hufstedler, J., and Stephens, J., concurred.