[Civ. No. 23441.   First Dist., Div. Four.   July 25, 1968.]

JOHN B. McLAUGHLIN, Plaintiff and Appellant. v. CITY AND COUNTY OF SAN FRANCISCO, Defendant and Respondent.

Connella, Sherburne & Myers, and Nichols, Williams, Morgan & Digardi for Plaintiff and Appellant.

Edward I. Pollock, Theodore A. Horn, Richard L. Oliver, Marvin E. Lewis, Robert E. Cartwright, Neil D. Heily and Edward L. Lascher as Amici Curiae on behalf of Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and Agnes O'Brien Smith, Deputy City Attorney, for Defendant and Respondent.

RATTIGAN, J.—After a jury trial and verdict for plaintiff in his action for damages for personal injuries, the trial

court entered an order conditionally granting defendant's motion for new trial. On plaintiff's appeal from the order, the question is whether it complies with the requirement of Code of Civil Procedure section 657,[1] as amended in 1965, that the trial court specify therein its "reason or reasons for granting the new trial upon each ground stated."

Defendant admitted liability in the action, which was thereupon tried on the issue of damages alone. The evidence shows as follows: Plaintiff was injured while he was a passenger on a cable car. The car stopped suddenly, causing him to strike his mouth against a stanchion. The impact knocked out one of plaintiff's front teeth (a false one), chipped and loosened several natural upper and lower teeth, and caused a deep laceration in his lower lip. He consulted a dentist, who sutured the lip and administered other emergency treatment on the day of the accident. Commencing the next day and continuing for eight months, the dentist treated plaintiff with a course of "full mouth rehabilitation." The procedure included, among other things, the extraction of several natural teeth, the replacement of missing teeth with a permanent denture and supporting structures, the installation of a temporary plate for cosmetic purposes pending completion of the permanent device, and the stabilization of several teeth which had been loosened in the accident.

Plaintiff was employed at the time of the accident. His injuries apparently caused no appreciable absence from his work, but he testified that he lost $100 in wages because he was required on occasion to visit the treating dentist during his (plaintiff's) working hours. He also introduced a bill for X-rays in the amount of $17.50, and a bill for $2,500 from the treating dentist. The $2,500 bill covered all the services rendered by the dentist. No other items of special damages were shown.

The jury returned a verdict for plaintiff in the amount of $8,117.50. Judgment was entered in that amount, and for plaintiff's costs. Defendant moved for a new trial upon several of the grounds provided in section 657, including "Insufficiency of the evidence to justify the verdict . . . , or that it is against law." (*Id.*, subdivision 6.) The trial court entered the following order upon the motion:

"In the above entitled cause, tried on the issue of damages only, it is hereby ordered that the Motion of Defendant City

---

[1]All statutory references herein are to the Code of Civil Procedure.

and County of San Francisco, a municipal corporation, for a new trial, on the issue of damages only, is Granted *upon the ground of the Insufficiency of the evidence to justify the verdict and the Judgment entered thereon,* unless the Plaintiff, on or before October 20th, 1965, files a waiver of all portions of the judgment in excess of the sum of Five Thousand One Hundred Seventeen Dollars ($5,117.50) and Fifty cents, plus Plaintiff's costs and disbursements incurred in this action amounting to the sum of One Hundred and Fifty-Nine Dollars ($159.50) and Fifty Cents.

*"This order granting a New Trial is based upon the failure of the Plaintiff to prove by a preponderance of the evidence reasonable total damages, both general and special above the said amount of Five Thousand One Hundred and Seventeen Dollars and Fifty Cents ($5,117.50).*

"It is further ordered that if such waiver is filed then said Motion for a New Trial shall stand Denied; otherwise said Motion shall stand granted *upon the ground hereinabove stated."* (Italics added.)

In accordance with the order's terms, the motion for new trial stood granted when plaintiff declined to file the waiver mentioned and, instead, took the present appeal from the order itself.

As amended in 1965 (Stats. 1965, ch. 1749, p. 3922), section 657 provides that "When a new trial is granted, on all or part of the issues, the court *shall specify the ground or grounds* upon which it is granted and the court's *reason or reasons for granting the new trial upon each ground stated."* (Italics added.)[2]

---

[2]The 1965 amendment also added, following the paragraph quoted in the text, this language:

[2d par.] "A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a contrary verdict or decision.

[3d par.] "The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. The court shall not direct the attorney for a party to prepare either or both said order and said specification of reasons.

[4th par.] "On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated

As required by the amended statute, the order in the present case clearly specified the *ground* upon which the new trial was granted ("the Insufficiency of the evidence to justify the verdict . . ."). ▮ We conclude, however, that the court failed to "specify . . . [its] . . . reason or reasons for granting the new trial" upon the ground stated, and that the failure to comply with section 657 in this regard requires reversal of the order.

▮ How much must be stated in an order granting a new trial, to amount to an adequate specification of reasons under the amended statute is established in *Mercer* v. *Perez*, 68 Cal.2d 104, at pp. 115-116 [65 Cal.Rptr. 315, 436 P.2d 315]; ". . . [I]t will be sufficient if the judge who grants a new trial furnishes *a concise but clear statement of the reasons* why he finds one or more of the grounds of the motion to be applicable to the case before him. . . . [I]f the ground relied upon is 'insufficiency of the evidence' the judge *must* briefly *recite the respects in which he finds the evidence to be legally inadequate*; . . . [S]uch an order *must* briefly *identify the portion of the record* which convinces the judge 'that the court or jury clearly should have reached a different verdict or decision.' " (Italics added.)

In each of four post-*Mercer* decisions where new trials had been granted upon the ground of insufficiency of the evidence, the reviewing court held that the trial court had adequately specified its reasons where the order cited—but did not discuss—one or more specific *issues* which the jury had resolved in reaching its verdict, and upon which issue the court considered the evidence to be insufficient.[3] (*Kramer* v.

---

in the motion, whether or not specified in the order or specification of reasons; provided, that the order shall not be affirmed upon the ground of the insufficiency of the evidence to justify the verdict or other decision unless such ground is stated in the order granting the motion; and provided further that on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive damages appearing to have been given under the influence of passion or prejudice, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons."

Section 657 was again amended in 1967 (Stats. 1967, ch. 72, § 1, p. 970), but in respects not relevant to this appeal. We hereinafter refer to the statute in its version as amended in 1965.

[3] Or, in some cases, "sufficient" to have convinced the trial court that the jury should have reached a different verdict. See, e.g., the *Matlock* and *Funderburk* decisions cited in the text.

*Boynton* (1968) 258 Cal.App.2d 171, 173-175 [65 Cal. Rptr. 669] [self-defense, in an action for battery]; *Matlock* v. *Farmers Mercantile Co.* (1968) 258 Cal.App.2d 362, 364-365, 367 [65 Cal.Rptr. 723] [plaintiffs' injuries, proximate cause, and defendant's negligence]; *Kincaid* v. *Sears, Roebuck & Co.* (1968) 259 Cal.App.2d 733, 736, 737 [66 Cal. Rptr. 915] [probable cause for plaintiff's arrest, in his action for malicious prosecution]; *Funderburk* v. *General Tel. Co.* (1968) 262 Cal.App.2d 869, 871, 875-876 [69 Cal.Rptr. 275] [defendant's negligence].)

█ According to the cases just cited, the trial court's specification of reasons for granting a new trial upon the ground of insufficiency of the evidence will satisfy both the amended statute and the *Mercer* decision if it thus—and even though briefly—identifies the evidence on a specific issue by naming the issue in language ''couched in terms of ultimate fact.'' (*Funderburk* v. *General Tel. Co., supra,* 262 Cal.App. 2d 869 at pp. 874-875 [quoting and interpreting *Kincaid* v. *Sears Roebuck & Co., supra,* 259 Cal.App.2d 733 at p. 738] 739].) Having done this, the trial court need go no further: citation of the record by page and line is not required. (*Kincaid* v. *Sears, Roebuck & Co., supra,* at p. 738), the specification of reasons need not summarize the evidence to which it refers (*Matlock* v. *Farmers Mercantile Co., supra,* 258 Cal. App.2d 362 at p. 367), and other issues—the insufficiency of the evidence upon which is collateral to the court's reasoning as to the issue it names—need not be mentioned. (*Funderbuurk* v. *General Tel. Co., supra,* at pp. 876-877; *Kramer* v. *Boynton, supra,* 258 Cal.App.2d 171 at p. 175.)

However, whether the trial court's specification of its reasons for having granted the new trial complies with the statute will necessarily depend upon the facts and circumstances of the particular case. (*Mercer* v. *Perez, supra,* 68 Cal.2d 104 at p. 115.) █ The trial court's order here states in part that ''This order (granting a new trial upon the ground of the insufficiency of the evidence to justify the $8,117.50 verdict) *is based upon the failure of the Plaintiff to prove by a preponderance of the evidence reasonable total damages, both general and special . . .* [in excess of $5,117.50] *. . .*'' (Italics added.) The required specification of reasons appears, if at all, only in the passage emphasized above.

But general and special damages—''total damages, both general and special,'' as the trial court put it—were the only

issues tried in this case, and the court's only stated reason for granting the new trial was that the evidence *on those. issues* was insufficient to the extent of $3,000. The judge, thus, did not specify his reasons for granting the new trial upon the ground stated: because the issues were so narrowly limited, his comment merely reiterated the ground itself. In the context of the statute which requires both to be specified, the words ''ground'' and ''reason'' have different meanings. (*Mercer* v. *Perez, supra,* 68 Cal.2d 104, at p. 112.) It follows that the trial court cannot ''specify'' one by reiterating the other. The present order, because the court did precisely this, therefore fails to specify a ''reason'' at all.

That a more precise specification of reasons was required in the order before us is also apparent from the order's actual terms and from some of the evidence received at the trial. The trial court's decision to grant a new trial conditionally was clearly ''based upon'' the judge's view that the $8,117.50 verdict was too high by $3,000—and that plaintiff's proof was deficient in the same amount—as to ''both general and special'' damages. The original verdict explicitly included the $117.50 for plaintiff's lost wages ($100) and for the bill he had incurred for X-rays ($17.50). The trial judge proposed to leave the $117.50 in the judgment as remitted, which he fixed at $5,117.50. This suggests that he considered plaintiff's proof to be sufficient as to the two items involved, which would necessarily mean that he considered it insufficient only as to (1) general damages and (2) the $2,500 item of special damages shown to have been incurred by plaintiff for the dental treatment he received.

Our analysis of the order to this point involves a degree of speculation which is perhaps reasonable in view of the clear visibility of the $117.50 item: but beyond this point we simply cannot identify the respects in which the trial court found plaintiff's evidence to be insufficient. We need not review the evidence in detail: it will suffice to observe that the portion pertaining to plaintiff's general damages—although neither nonexistent nor notably weak—was not elaborate, and that some of the evidence relative to the dental treatment he received suggests that the treatment may have exceeded the extent required by the injuries he received in the accident. Reviewing the evidence on the motion for new trial, the trial court may have assigned the deficiency in proof to general damages because plaintiff understated his pain, suffering,

inconvenience in taking food, his cosmetic involvement, or any of these factors: and to the $2,500 item because the dental treatment was excessive as a repair procedure or because some of it involved natural mouth conditions not proximately caused by the accident at all.

In these areas, we could speculate as to where the trial court thought the deficiencies lay, and its reason for granting the new trial might be identified by inference. But the 1965 amendment of section 657 was designed to put an end to speculation of this nature, and we are not permitted to infer the trial court's reasons where we have not been told what they are. (*Mercer* v. *Perez, supra,* 68 Cal.2d 104 at p. 117.) Moreover, we would be unable—even by inference—to determine whether the trial court thought that the evidence of general damages was insufficient by $2,500 and that of specials by $500; or vice versa; or by other amounts as to each category, and by how much as to either.

Under section 657 as it read prior to the 1965 amendment, the party appealing from an order granting a new trial, not knowing the trial court's reasons for having granted it, was "left in the dark as to which aspect of the trial to defend." The reviewing court, equally uninformed of the basis upon which the trial judge had acted, was required to review the entire record and frequently to consider "alleged insufficiencies totally unrelated to those relied upon by the trial judge." (*Mercer* v. *Perez, supra,* 68 Cal.2d 104 at pp. 113-114.) Since the amendment which undertook to correct this "inefficient and often frustrating procedure," the appellant now "need only address himself to those asserted deficiencies in the proof which are specified as reasons for the order, and the reviewing court need only determine if there is a substantial basis for finding such a deficiency in any of the respects specified." (*Id.,* at p. 115; see the language of the amendment [4th par.], quoted in fn. 2, *ante.*)

On the present appeal, plaintiff cannot "address himself" to any asserted deficiencies in his proof, and we cannot "determine if there is a substantial basis for finding such a deficiency," because the order refers to none. The *Mercer* decision, and others which have followed and applied it as discussed herein, establish only minimum standards which need be met in order to state an adequate specification of reasons under the amended version of section 657. Guided, however, by the Legislature's demonstrated purpose in

amending the statute, we conclude that even the minimum standards were not met here.

■ The order having specified no reasons for the trial court's having granted the new trial upon the stated ground of insufficiency of the evidence, there is no legal basis for reviewing the record as to that ground. (*Mercer* v. *Perez, supra,* 68 Cal.2d 104 at p. 115.) The effect of the omission is to restrict the scope of appellate review "to the other grounds, if any, listed in the motion." (*Id.,* at p. 121.) In the present case there were two other grounds stated in the motion: "Excessive damages, appearing to have been given under the influence of passion or prejudice" (section 657, subdivision 5) and "Error in law, occurring at the trial and excepted to by the party making the application." (*Id.,* subdivision 7.)[4]

We find no basis in the record, however, for affirming the order because "it should have been granted" (section 657; see the 1965 amendment [4th par.], fn. 2, *ante*) upon either of the two other grounds stated in the motion. The first one ("excessive damages") is so closely equated with the ground of "insufficiency of the evidence" that the two are frequently treated as meaning the same thing; they are indistinguishable, for practical purposes, in the typical context presented by this case; and it has been held that "the same rule governing appellate review" applies to both. (*Sinz* v. *Owens* (1949) 33 Cal.2d 749, 760-761 [205 P.2d 3, 8 A.L.R.2d 757]. See Note (1939) 12 So.Cal.L.Rev. 501; 3 Witkin, Cal. Procedure (1954) Attack on Judgment in Trial Court, § 19, p. 2064 *et seq.*) In the absence of a specification of the trial court's reasons for granting the new trial upon the "insufficiency" ground, it would be equally unfeasible—and equally inconsistent with the 1965 amendment of the statute—to search the record for any basis underlying the judge's conclusion as to "excessive damages." Defendant has shown us no such basis on the appeal, and we find none.

---

[4]Defendant's motion also listed the grounds specified in subdivisions 3 and 4 of section 657. Application upon these grounds must be made upon affidavits (section 658), which—so far as the record shows—were not filed with the notice or thereafter. (See section 659a.) The trial court therefore could not have considered either ground in acting upon the motion for new trial. (See *Gardner* v. *American Brake etc. Co.* (1944) 24 Cal.2d 686, 691 [151 P.2d 122]; *Bakurjian* v. *Pugh* (1935) 4 Cal. App.2d 450, 453 [41 P.2d 175]. Cf. *Webber* v. *Webber* (1948) 33 Cal.2d 153, 163 [199 P.2d 934].)

With reference to the same ground, we also find no basis for concluding that "passion or prejudice," as such, influenced the amount of damages awarded by the jury. (See section 657, subdivision 5.) Similarly, no "error of law" (*id.*, subdivision 7) has been shown which would indicate that a new trial should have been granted upon that ground.

The order appealed from is reversed.

Devine, P. J., and Christian, J., concurred.