[Civ. No. 8854.   Fourth Dist., Div. One.   Sept. 11, 1968.]

FRANK F. HOOVER, Plaintiff and Appellant, v. ELEANOR PIERCE EMERALD, Defendant and Respondent.

*Assigned by the Chairman of the Judicial Council.

638

Harelson, Enright, Levitt & Knutson and Gerald M. Dawson for Plaintiff and Appellant.

McInnis, Focht & Fitzgerald and William T. Fitzgerald for Defendant and Respondent.

COUGHLIN, Acting P. J.—Plaintiff was injured in an accident involving three automobiles; was a passenger in one of the automobiles; recovered judgment against the drivers of the other two automobiles; and appeals from an order granting a new trial as to one of the drivers.

The accident happened on a foggy morning at about 7 o'clock. An automobile driven by the defendant Eleanor Emerald, after entering and proceeding northerly on a through highway from an intersecting street, was struck by an automobile, also proceeding northerly on the through high-

way, driven by the defendant Good. The latter automobile came to a stop approximately 155 feet northerly of the point of impact and, in turn, was struck by an automobile in which plaintiff was riding.

Following judgment on a jury verdict in favor of plaintiff against both Emerald and Good, each of the latter moved for a new trial upon the ground, among others, the evidence was not sufficient to justify the verdict. The motion by Good was denied and the motion by Emerald was granted by the following minute order:

"The motion for new trial as to defendant EMERALD is granted on the grounds of insufficiency of evidence to support negligence."

At the time of the decision, which followed a hearing upon the motions, the following discourse between court and counsel took place:

"THE COURT: I grant it on the grounds of insufficiency of the evidence to justify the verdict as to defendant Emerald.

"MR. ENRIGHT [attorney for plaintiff] : I think the Court must specify the reasons to support that conclusion.

"THE COURT: Not sufficient evidence to show that she was negligent."

Plaintiff seeks a reversal upon the grounds: (1) The court abused its discretion in granting the motion because there was no substantial evidence to support a verdict for defendant Emerald; and (2) the court failed to specify its reasons for granting the motion as required by section 657 of the Code of Civil Procedure.

There was evidence showing Emerald stopped before entering the through highway; looked and listened for approaching automobiles; heard two automobiles approach from the south which passed in front of her; continued to look and listen for other automobiles; neither seeing nor hearing any automobile, proceeded into the intersection; and after leaving the intersection, while going in a northerly direction on the through highway, was struck by the Good automobile, causing her to go off the roadway. The evidence also shows Good saw Emerald when she either was stopped at or just had entered the through highway and he was 300 feet "or less" from the intersection; he was traveling approximately 68 miles per hour; he braked his automobile and skidded 80 feet before impact; and his car skidded approximately 155 feet to a stop after impact, where he was hit by the automobile in which plaintiff was riding.

It is well established an order granting a new trial upon insufficiency of the evidence will not be disturbed on appeal where there is any substantial evidence which would support a judgment in favor of the moving party. (*Reuther* v. *Viall,* 62 Cal.2d 470, 476 [42 Cal.Rptr. 456, 398 P.2d 792].)

Plaintiff claims there is evidence supporting the conclusion Emerald was negligent and there is no substantial evidence supporting the conclusion she was not negligent. The argument in support of this contention primarily is an attack upon the credibility of Emerald's testimony; disregards the rule that the trier of fact may reject the testimony of a witness in part but accept it in other parts (*People* v. *Crooker,* 47 Cal.2d 348, 355 [303 P.2d 753]) ; and is directed to the weight rather than the legal sufficiency of the evidence to support the conclusion of the trial court.

The evidence in the case is sufficient to support the conclusion Emerald yielded the right-of-way as required by Vehicle Code section 21802, subdivision (a) ; having yielded the right-of-way was entitled to proceed and other drivers approaching the intersection on the through highway were required to yield the right-of-way to her, in accordance with Vehicle Code section 21802, subdivision (b) ; in all other particulars she exercised ordinary care; or her conduct in all other particulars did not constitute a failure to exercise ordinary care. Under these circumstances, a judgment in favor of Emerald would be sustained on appeal and the trial court did not abuse its discretion in granting her motion for a new trial.

Plaintiff's contention the order granting a new trial was ineffective for failure to specify the reasons therefor is premised upon the claim the stated reason was not sufficiently specific.

In granting a new trial the court must state the ground and specify the reason therefor. (Code Civ. Proc., § 657.) The minute order in the case at bench expressed both the ground and the reason in a single sentence; the ground was the insufficiency of the evidence to sustain the verdict; and the reason was the insufficiency of the evidence to establish negligence on the part of defendant Emerald. The purpose of the statute is served by inclusion of the ground and reason in one sentence.

The sufficiency of the statement of the reason for granting the motion is governed by the circumstances in each

case. (*Mercer* v. *Perez*, 68 Cal.2d 104, 115 [65 Cal.Rptr. 315, 436 P.2d 315]; *Matlock* v. *Farmers Mercantile Co.*, 258 Cal.App.2d 362, 367 [65 Cal.Rptr. 723]—hearing denied.)

The pattern prescribed by the Supreme Court is an order briefly identifying the portion of the record which convinces the judge the jury clearly should have reached a different verdict. (*Mercer* v. *Perez, supra,* 68 Cal.2d 104, 116.)

In a personal injury case, where a motion for a new trial upon the ground of the insufficiency of the evidence to sustain the verdict is directed to the issue of liability, an order specifying the reason for granting the motion "couched in terms of ultimate fact is adequate." (*Funderburk* v. *General Tel. Co.*, 262 Cal.App.2d 869, 875 [69 Cal.Rptr. 275].) Thus, an order, such as in the instant case, granting a motion by a defendant upon the ground of insufficiency of the evidence to support the verdict for the reason the evidence is insufficient to establish her negligence, complies with the requirements of the statute. (*Funderburk* v. *General Tel. Co., supra,* 262 Cal.App.2d 869; cf. *Matlock* v. *Farmers Mercantile Co., supra,* 258 Cal.App.2d 362, 365-367; see also *Kincaid* v. *Sears Roebuck & Co.*, 259 Cal.App.2d 733, 739 [66 Cal.Rptr. 915]—hearing denied.)

The statement of reasons in the instant order was adequate.

The decision in *McLaughlin* v. *City & County of San Francisco*, 264 Cal.App.2d 310 [70 Cal.Rptr. 782], cited by plaintiff, does not support his position because the circumstances in the cited case differ materially from those at bench.

The order is affirmed.

Whelan, J., and Lazar, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.