[Civ. No. 9313.  Fourth Dist., Div. One.  Nov. 19, 1969.]

WILLIAM W. RUSSELL, Plaintiff and Respondent, v.
VERNON P. NELSON et al., Defendants and Appellants.

## Counsel

Gene E. Smith for Defendants and Appellants.

Prante & McCabe and Stafford Prante for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Defendant Vernon P. Nelson appeals an order granting a new trial to plaintiff William W. Russell after a defense verdict in a personal injury action. Russell has not cross-appealed.

Nelson's Volkswagon struck Russell as he walked across Mission Boulevard in a marked crosswalk at San Gabriel Place in San Diego April 14, 1966. It was about 8 p.m. and the sky was dark as Russell left the Pennant Bar on the east side of Mission Boulevard. He talked briefly with a friend, started across the four traffic lanes of Mission Boulevard and had crossed a raised divider strip in the center of the street when Nelson's southbound car hit him. Russell could not remember the accident or a period of time before and after it.

Descriptions of the lighting at the accident scene varied from adequate to poor. The point of impact was subject to conflicting evidence and inferences which would place it somewhere between three and four steps beyond the center divider strip to a point within the outer or western-most of the two southbound Mission Boulevard traffic lanes.

Nelson did not see Russell before he hit him and was unaware he had struck Russell until two or three seconds after impact. Nelson was driving about 25 to 35 miles per hour in the right-hand lane as he approached the intersection. He did not remember crossing into the left-hand lane before the accident but did recall crossing over the right-hand lane to pull into an alley after the impact.

The jury's defense verdict was unanimous. Russell moved for a new trial specifying as grounds: (1) irregularity in the proceedings; (2) misconduct of the jury; (3) newly discovered evidence; (4) insufficiency of the evidence; (5) the judgment was against law, and (6) error in law occurring at the trial. Russell filed no affidavits to support his first three grounds as required by Code of Civil Procedure section 658. The court granted Russell's motion on the ground of insufficiency of the evidence to justify the verdict. Neither party argues the remaining grounds of the motion on this appeal.

Six days after granting the new trial, the court signed a formal order to that effect prepared on the stationery of Russell's attorney which cited as reasons:

"1. . . . the evidence clearly showed the negligence of the defendant driver and the jury should have clearly found negligence on the part of the defendant driver.

"2. . . . the evidence clearly showed . . . the plaintiff was not

contributorily negligent and exercised due care, and the jury should have clearly reached a decision . . . there was no contributory negligence on the plaintiff's part.

"3. . . . the evidence clearly showed . . . such conduct on the part of the plaintiff could not have been a proximate cause of the accident."

Nelson argues the order granting the new trial is not supported because the record does not establish the jury *clearly* should have reached a contrary verdict. In effect, Nelson argues where substantial evidence supports the jury's determination, the trial court abuses its discretion by granting a new trial as it cannot be said in such a case the jury was clearly wrong. This argument is based upon amendments to Code of Civil Procedure section 657 in 1965 and 1967 which provide: "A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision, nor upon the ground of excessive or inadequate damages, unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a different verdict or decision."

Our Supreme Court noted in *Mercer v. Perez*, 68 Cal.2d 104, at page 116, footnote 4 [65 Cal.Rptr. 315, 436 P.2d 315]: "[T]his paragraph of the statute merely restates without change in substance the traditional power of the trial judge in ruling on a motion for new trial. (See *People v. Robarge* (1953) 41 Cal.2d 628, 633 [262 P.2d 14].)"

The question on review is not whether there was substantial evidence to support the jury's verdict (as it would be on appeal from a judgment entered on the verdict), but whether the record supports the trial court's determination, after weighing all the evidence, the jury clearly should have reached a different verdict. ■ All presumptions are in favor of the new trial order and conflicts in the evidence must be resolved in favor of the trial court's ruling (*Martinez v. Harris*, 273 Cal.App.2d 385, 397-398 [78 Cal.Rptr. 325]). ■ The 1965 and 1967 amendments to Code of Civil Procedure section 657 were not intended to curb the power of the trial courts to grant new trials if they disagree with a verdict (*Funderburk v. General Tel. Co.*, 262 Cal.App.2d 869, 877 [69 Cal.Rptr. 275]).

■ Nelson challenges the sufficiency of the reasons the evidence was insufficient as set forth in the new trial order. The statements the jury should have found Nelson negligent; Russell non-negligent, and; no proximate cause as to Russell's conduct are rather conclusionary. Similar

statements of reasons have, however, been deemed sufficient in *Funderburk* v. *General Tel. Co., supra,* 262 Cal.App.2d 869, 873-876; *Matlock* v. *Farmers Mercantile Co.,* 258 Cal.App.2d 362, 367 [65 Cal.Rptr. 723]; *Hoover* v. *Emerald,* 265 Cal.App.2d 637, 641 [71 Cal.Rptr. 500] and *Martinez* v. *Harris, supra,* 273 Cal.App.2d 385, 395-396. This court said in *Hoover* v. *Emerald, supra,* 265 Cal.App.2d 637, 641: "In a personal injury case, where a motion for a new trial upon the ground of the insufficiency of the evidence to sustain the verdict is directed to the issue of liability, an order specifying the reason for granting the motion 'couched in terms of ultimate fact is adequate.' (*Funderburk* v. *General Tel. Co.,* 262 Cal.App.2d 869, 875 [69 Cal.Rptr. 275].) Thus, an order, such as in the instant case, granting a motion by a defendant upon the ground of insufficiency of the evidence to support the verdict for the reason the evidence is insufficient to establish her negligence, complies with the requirements of the statute."

The specification of reasons in the order here is sufficient. The facts we have recited show substantial support for the reasons specified. The court could well conclude the accident resulted from Nelson's negligent inattention to his driving, Russell acted with reasonable caution under the circumstances and his conduct did not proximately contribute to the accident's happening.

It is apparent the trial judge did not prepare the formal order granting a new trial and the specification of reasons set forth in it. The order appears on stationery with the letterhead of Russell's counsel on it. Russell does not suggest the judge utilized his attorney's stationey to prepare the order. Code of Civil Procedure section 657 explicitly provides: "The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. The court shall not direct the attorney for a party to prepare either or both said order and said specification of reasons."

The minute order entered by the court when it ruled on the new trial motion did specify the ground of insufficiency of the evidence but did not set forth the reasons required under Code of Civil Procedure section 657. The formal order setting forth the reasons was signed and filed within 10 days but was not prepared in writing by the court.

The requirement the court prepare the order or specification of

reasons and not direct a party's attorney to prepare it is mandatory. *Mercer* v. *Perez, supra,* 68 Cal.2d 104, 123-124, footnote 8 notes: "We do not imply that we will countenance any practice designed to circumvent the new statutory prohibition against preparation of the specification of grounds or reasons by the attorney for the moving party. But this does not mean that the attorney, in the discharge of his professional responsibilities, may not assist the court by calling its attention within the 10-day period to any such deficiency in the order, thereby enabling it to be corrected within the jurisdictional period."

That the trial court erred in not following the mandate of section 657 is an inescapable conclusion. However, we find the error to be harmless under the particular circumstances of this case. When the trial court ruled on the new trial motion, it stated very clearly its reasons. The court's observations showed a careful and searching analysis of the trial evidence. The attorney-prepared order accurately, if somewhat summarily, reflected the reasons stated by the court. The requirement the court prepare the statement of reasons is a "statutory incentive to careful judicial deliberation before awarding a new trial" (*Mercer* v. *Perez, supra,* 68 Cal.2d 104, 123). Had the reasons stated by the court here been summarized in its minute order, that would have sufficed (Code Civ. Proc., §§ 657, 660).

We do not countenance a practice which might be used to circumvent the statutory prohibition against preparation of the reasons by an attorney, as we hold that to have been error. We do not feel we will encourage any such circumvention, however, by holding the error to have been harmless where the record shows the situation sought to be prohibited is absent in this case.

Order affirmed.

Coughlin, J., and Whelan, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 14, 1970.