[Civ. No. 3655.   Fourth Dist.   Oct. 14, 1947.]

CARL E. ERIKSON, Plaintiff and Appellant, v. J. F. SULLIVAN, Defendant and Appellant.

William F. Reed for Plaintiff and Appellant.

George A. Malette for Defendant and Appellant.

BARNARD, P. J.—This is an action for declaratory relief to determine the rights of the parties under a certain mining lease and option, and to secure the continued possession of the premises by the plaintiff. After a six-day trial, judgment was entered in favor of the plaintiff on December 11, 1946. After a motion to modify, a modified judgment was entered on January 13, 1947.

The plaintiff filed notice of appeal from a portion of the judgment on February 19, 1947, and on February 28, 1947, filed a request for a clerk's transcript and also a notice that he desired to set forth the oral proceedings by a settled statement.  On February 20, 1947, the defendant filed a notice of appeal from the entire judgment, but no request for a transcript and no notice relating to the preparation of a record was ever filed by him.

The clerk's transcript, as requested by the plaintiff, was filed on May 24, 1947, but no settled statement prepared and

certified in accordance with the rules of court has ever been filed. In July, 1947, the plaintiff noticed a motion to dismiss the defendant's appeal. When the matter came on for hearing the plaintiff withdrew his motion to dismiss in order to await the filing of a record.

On September 8, 1947, what purports to be a ''statement of facts on appeal,'' accompanied by a reporter's partial transcript covering the testimony of two witnesses, was filed by the defendant. No attempt to comply with the rules was made either in the matter included therein or with respect to the manner of obtaining a settled statement. The purported statement contains the certificate of the trial judge that ''The foregoing is but a small portion of a lengthy record and contains only a small portion of the testimony and other proof in the above entitled cause.''

On October 7, 1947, the plaintiff moved to dismiss the defendant's appeal, or in the alternative for an order requiring the preparation of a reporter's transcript of the entire proceedings. Aside from any technical questions involved, it would be useless to require the defendant to go to the expense of having a complete reporter's transcript prepared since his counsel insisted at the hearing of the motion that the partial record here contains all of the testimony and evidence which he desires and upon which he would rely in support of his appeal. A reading of the partial record, which is here, discloses that the findings and judgment are amply sustained by the evidence in all respects in which a desire to attack them has been expressed.

No request for a record was ever made by the defendant, no record upon which he could rely or which could be considered in his behalf has ever been filed, and no request for relief has ever been made. Under these circumstances, and in view of the fact that a review of the matter relied upon by the defendant could be of no benefit to him, the motion to dismiss his appeal should be granted.

The defendant's appeal is dismissed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied November 13, 1947, and defendant and appellant's petition for a hearing by the Supreme Court was denied December 11, 1947.