[Civ. No. 23842. First Dist., Div. One. Mar. 1, 1968.]

LESLIE KINCAID, Plaintiff and Appellant, v. SEARS, ROEBUCK & COMPANY, Defendant and Appellant.

Maurice C. Ryan for Plaintiff and Appellant.

Edward I. Pollock, Robert E. Cartwright, Theodore A. Horn, Robert G. Beloud and Leonard Sacks as Amici Curiae on behalf of Plaintiff and Appellant.

Walcom & Harmon and Leo J. Walcom for Defendant and Appellant.

ELKINGTON, J.—The action below was commenced by plaintiff Leslie Kincaid against defendant Sears, Roebuck &

Company for damages for malicious prosecution. It was tried before a jury. Plaintiff appeals from an order of the superior court granting defendant's motion for a new trial. Defendant appeals from an order denying its motion for judgment notwithstanding the verdict.

The following appears to be uncontroverted. Plaintiff was employed by defendant as an outside household appliance serviceman. His company truck contained an inventory of spare parts and material belonging to defendant. He advertised his own washing machine for sale in a newspaper. Agents of defendant, whose relation to defendant was unknown to plaintiff, seeing the ad, arranged to purchase the machine. The agents paid $80 for the machine and received from plaintiff a 90-day personal guaranty on parts and service. Thereafter defendant's agents tampered with the machine for the purpose of making a new timer necessary. Plaintiff was called by the purchaser and after two trips installed a new timer. It was part of the truck inventory and it belonged to defendant. Thereafter an employee of defendant at the office of the district attorney signed a complaint charging plaintiff with the crime of petty theft of the timer. At the criminal trial the jury disagreed and the complaint was thereafter dismissed. Plaintiff then filed the action in which these appeals were taken. The jury returned its verdict in favor of plaintiff for $7,000 compensating damages and $40,000 punitive damages, upon which judgment was entered.

APPEAL OF PLAINTIFF LESLIE KINCAID

The order granting a new trial from which plaintiff appeals, as material here, states the following: "The motion of said defendant for a new trial is granted upon the ground of the insufficiency of the evidence to justify the verdict and the judgment entered thereon, *for the reason that the evidence does not establish by a preponderance thereof that the defendant did not have probable cause for the arrest of plaintiff; also for the reason that the verdict is excessive*; unless the plaintiff on or before April 1st, 1966, files a waiver of all portions of the judgment in excess of seven thousand ($7,000) dollars compensatory damages and twenty thousand dollars ($20,000) punitive damages, plus plaintiff's costs and disbursements incurred in this action, hereby taxed at the sum of $997.70. It is further ordered that if such waiver is filed, then said motion for a new trial shall stand denied; otherwise said motion shall stand granted upon the ground hereinabove stated." (Italics added.)

■ First Contention: *The order granting a new trial does not comply with the provisions of section 657, Code of Civil Procedure, as amended in 1965.*

As amended in 1965, and as pertinent here, Code of Civil Procedure section 657[1] provided: "When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated. . . . [¶] . . . and if the motion is granted [it] must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. . . . [¶] On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons; provided, that the order shall not be affirmed upon the ground of the insufficiency of the evidence to justify the verdict or other decision unless such ground is stated in the order granting the motion; and provided further that on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive damages appearing to have been given under the influence of passion or prejudice, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons."

In *Mercer* v. *Perez,* 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315]. the Supreme Court holds that the provisions of section 657, as amended in 1965, requiring specification of not only the grounds but also the reasons for granting a new trial, are mandatory and must be strictly followed, and that inferences may not be drawn to establish such grounds or reasons. (P. 118.) It further states that the section should be given a reasonable and practical construction. It is sufficient that the stated reason be "concise but clear." ". . . No hard and fast rule can be laid down as to the content of such a specifi-

---

[1]Section 657 was again amended in 1967.

■

cation [of reasons], and it will necessarily vary according to the facts and circumstances of each case.'' (P. 115.)

In the case before us, as previously indicated, the trial judge stated as the ground for his order: ''Insufficiency of the evidence to justify the verdict.'' (Code Civ. Proc., § 657, subd. 6.) He then specified as a reason ''that the evidence does not establish by a preponderance thereof that the defendant did not have probable cause for the arrest of plaintiff.''

It is pointed out that *Mercer* v. *Perez, supra*, requires the trial judge in stating his reasons for granting a new trial on '' 'insufficiency of the evidence' '' to ''*briefly identify the portion of the record*'' which convinces the judge that such a new trial should be granted. (Italics added.) (P. 116.) It is urged that this compels the judge to designate the relevant pages of the record or to specify the evidence (or lack of it), and the pertinent testimony of witnesses, which led him to his conclusion.

Our reading of *Mercer* v. *Perez* leads us to what we believe is the more reasonable and practical construction. We conclude that the trial judge is not necessarily required to cite page and line of the record, or discuss the testimony of particular witnesses, but instead he need only point out the particular ''deficiency'' of the prevailing party's case which convinces him the judgment should not stand. This accomplishes the purpose of the statute by enabling a reviewing court to ''determine if there is a substantial basis for finding such a deficiency.'' (P. 115.)

Obviously, as recognized by *Mercer* v. *Perez*, the particularity with which reasons must be stated will vary according to the case and the grounds and reasons on which the order granting a new trial is based. For instance, *Mercer* v. *Perez* states that ''if the ground is 'irregularity in the proceedings' caused by counsel's referring to insurance, the judge should state that the reason for his ruling was the misconduct of counsel in making such reference; if the ground is 'misconduct of the jury' through their resorting to chance, the judge should specify this improper method of deliberation as the basis of his action; if the ground is that the decision is 'against the law' because of a failure to find on a material issue, the judge should so state and should identify that issue.'' (P. 115.) As to such grounds it is ordinarily possible to state the required reasons with thorough specificity within a sentence or two.

But when a new trial is granted on the ground of ''insufficiency of the evidence'' (and perhaps ''excessive'' or

"inadequate" damages) such a precise but brief statement of reasons is rarely possible. Such a new trial is not granted for an act or omission which can readily be pointed out. Instead, it may be granted only when "*after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom*" that a different decision clearly should have been reached. (Italics added.) (Code Civ. Proc., § 657.)

Manifestly it would be unreasonable to infer a statutory intent that the court's stated reasons embrace a discussion of the weight to be given, and the inferences to be drawn from each item of evidence supporting, or impeaching, the judgment. This, we believe, is why the court in *Mercer* v. *Perez, supra,* 68 Cal.2d 104, stated "we hold that if the ground relied upon is 'insufficiency of the evidence' the judge must *briefly* recite the respects in which he finds the evidence to be legally inadequate.'' (Italics added.) (P. 116.)

We consider that such a brief recital of the respects in which the evidence is legally inadequate might be accomplished in the ordinary negligence action after verdict and judgment for plaintiff, by a specification that "the defendant was not negligent" or that "the defendant's negligence was not the proximate cause of plaintiff's injuries" or that "the plaintiff was contributorily negligent" or that "the plaintiff suffered no damages.''[2]

■ In the case being considered on this appeal an issue was whether or not there was probable cause for plaintiff's arrest. The trial court specified as one of its reasons for granting a new trial "that the evidence does not establish by a preponderance thereof that the defendant did not have probable cause for the arrest of plaintiff.'' This appears to comply with section 657 as interpreted by *Mercer* v. *Perez, supra.* The court has revealed the respect in which it found the evidence to be insufficient. The specification is concise but clear. The

---

[2]This conclusion is implied in the following discussion of *Mercer* v. *Perez, supra,* 68 Cal.2d 104, at page 117: "It is argued in support of the order that in a negligence case such as this, in which no special defenses were interposed, the verdict for the defendants means the jury found either that they were not negligent or, if they were, that their negligence was not the proximate cause of the plaintiffs' injuries; under this reasoning, the statement of the court that the jury 'should have rendered a verdict for the plaintiffs' is to be interpreted as an implied specification of findings that according to the evidence the defendants *were* negligent and their negligence *was* the proximate cause of the injuries. As we have seen, however, one of the fundamental purposes of the recent amendments to section 657 was to put an end to this kind of speculation. . . .''

object of the statute is accomplished since appellant need only address himself to the stated deficiency in the evidence and this reviewing court is enabled to determine if there is a substantial basis for finding such a deficiency.

It is pointed out that the court specified as an additional reason "that the verdict is excessive." Excessive damages is the ground set forth in section 657, subdivision 5. Such a ground is not included in "Insufficiency of the evidence to justify the verdict" (§ 657, subd. 6) which was the only ground specified by the court. Plaintiff argues that "Whether excessive damages be taken to be either an independent ground or a reason for a ground . . . , the order does not comply with Section 657 of the Code of Civil Procedure which requires the specification" separately of both reason *and* ground. The resolution of this point is not necessary to the determination of plaintiff's instant contention of noncompliance with section 657; the order granting a new trial is otherwise properly supported.

■ SECOND CONTENTION : *The order granting a new trial is contradictory in form.*

Here plaintiff points out that the order grants a new trial on the ground of insufficiency of the evidence as to lack of probable cause and then allows the verdict and judgment to stand upon plaintiff's consent to a reduction in amount.

An inconsistency does exist; if there was an insufficiency of the evidence as to lack of probable cause, no judgment against defendant of any size was warranted. The basis of the trial judge's remission language is not clear. It may have been intended to relate in some manner only to the stated alternative ground of "excessive verdict." But we are required, if reasonably possible, to give effect to the order granting a new trial rather than, as urged by plaintiff, declare it to be a nullity. Even the remission language of the order indicates an intent to grant a new trial in the absence (as is the case here) of an acceptance by plaintiff of the remittitur.

A judgment or order must be given such a construction that will support it if this may be done within reason and the accepted rules of construction. (*In re Gideon,* 157 Cal.App.2d 133, 135-136 [320 P.2d 599] ; *Williams* v. *Williams,* 13 Cal. App.2d 433, 434 [56 P.2d 1253] ; 28 Cal.Jur.2d pp. 712-713.) We conclude that the clearly expressed intent of the court to grant a new trial on "the ground of insufficiency of the evidence to justify the verdict . . . for the reason that the evidence does not establish by a preponderance thereof that the defendant did not have probable cause for the arrest of

plaintiff" must control our interpretation of the new trial order.

THIRD CONTENTION: *The court erred in granting a new trial on the ground of the insufficiency of the evidence to justify the verdict and the judgment entered thereon.*

More specifically plaintiff here contends that the evidence as a matter of law shows that defendant caused the arrest and prosecution of plaintiff without probable cause; hence there is no "substantial basis in the record" (Code Civ. Proc., § 657) for the court's stated reason for granting the new trial.

"Probable cause," as an element in an action for malicious prosecution, requires that there be such a state of facts as would lead a man of ordinary care and prudence to believe and entertain an honest and strong suspicion that the person is guilty. (*Weber* v. *Leuschner,* 240 Cal.App.2d 829, 836 [50 Cal.Rptr. 86].) In determining the existence of probable cause the trial court was, or course, concerned with the information known to defendant at the time of plaintiff's arrest.

Code of Civil Procedure section 657, at the time of the order here at issue, provided in part as follows: "A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a contrary verdict or decision." In determining whether the "jury clearly should have reached a contrary verdict" the trial court was required to review conflicting evidence, weigh its sufficiency, consider the credibility of witnesses, reject any testimony believed false and draw any reasonable inferences from the evidence. (See *Thompson* v. *Keckler,* 228 Cal.App.2d 199, 205-206 [39 Cal.Rptr. 267]; *Pemberton* v. *Barber,* 199 Cal.App.2d 534, 537 [18 Cal.Rptr. 784]; *White* v. *Aetna Life Ins. Co.,* 198 Cal.App.2d 370, 375 [17 Cal.Rptr. 914].)

On the question of probable cause for plaintiff's arrest we find the following in the record. Before his arrest plaintiff admitted that he took the timer from the truck stock without permission; that he used it for his own purposes; and that he had no authority to sell truck stock "or use it for my own personal use without purchasing it in the routine manner." On the morning following the taking and using of the timer he denied ever repairing on his off-duty hours, a washing machine or other appliance which was not routed through the regular service department. He stated, "Show me anything like that that I have done," and only when confronted

with the pertinent facts of the events of the day before did he admit what he had done. Contrary evidence consisted almost entirely of the testimony of plaintiff, whose credibility, on the motion for a new trial, was a consideration for the trial judge.

From the foregoing the trial judge reasonably could have concluded that the jury clearly should have found the existence of probable cause for plaintiff's arrest.

We find no error under any of plaintiff's contentions.

APPEAL OF DEFENDANT SEARS, ROEBUCK & COMPANY

CONTENTION: *Appellant (defendant) is entitled as a matter of law to a judgment notwithstanding the verdict.*

 Defendant insists that the evidence conclusively, and as a matter of law, demonstrates that probable cause for plaintiff's arrest existed, and that since it did, judgment notwithstanding the verdict should have been entered in its favor.

 The function of an appellate court in reviewing an order denying judgment notwithstanding the verdict is well expressed in *Montijo* v. *Western Greyhound Lines*, 219 Cal. App.2d 342, 348-349 [33 Cal.Rptr. 184], as follows: "In reviewing the propriety of the order denying the defendant's motion for judgment notwithstanding the verdict, contrary to the approach taken in reviewing the propriety of the order granting its motion for a new trial, we must accept any substantial evidence, including inferences reasonably deducible therefrom, which supports the verdict; must view the evidence in the light most favorable to the plaintiff; must resolve all conflicts therein in her favor; and must accept those inferences which support the verdict and reject those opposed to it; and must affirm the order denying the motion if there is any substantial evidence supporting the verdict." (See also *Brandenburg* v. *Pacific Gas & Elec. Co.*, 28 Cal.2d 282, 284 [169 P.2d 909].) In applying this test we now scan the record for evidence (though it may be contradicted, and perhaps in our opinion, outweighed) supporting the trial court's ruling.

Plaintiff, before his arrest, stated to defendant's agents that he had no intent to steal the timer; that the morning after he took the timer he was standing in line at defendant's cashier window where he was going to pay for it when defendant's agents removed him from the line; and that defendant thereafter refused to allow him to make such payment. He testified at the trial that he was authorized to buy a timer off of his truck for his own use.

■ The crime of theft requires specific intent. To constitute embezzlement mere conversion is not sufficient; the conversion must have been with intent to defraud. (*People* v. *Whitney*, 121 Cal.App.2d 515, 520 [263 P.2d 449].) In larceny there must exist a specific intent to deprive the owner of his property. (*People* v. *Pillsbury*, 59 Cal.App.2d 107, 111 [138 P.2d 320].) Testimony by a defendant charged with theft that he lacked such intent is substantial and competent evidence. (*People* v. *Becker*, 137 Cal.App. 349, 352 [30 P.2d 562].) ■ It reasonably follows that plaintiff's protestation of innocence to his employer before his arrest had a substantial bearing on the existence of probable cause for that arrest. The jury could have concluded that these declarations would reasonably have caused a man of ordinary care and prudence no longer " 'to believe, or entertain an honest and strong suspicion' " (see *Weber* v. *Leuschner*, *supra*, 240 Cal. App.2d 829, 836) that plaintiff was guilty. Further, plaintiff testified that defendant's security agent had stated, "he didn't know whether or not I had broken a serious rule or not; he told me I looked clean, and to go on back to work." Plaintiff did go back to work and was arrested three days later.

■ Defendant urges that "the evidence showed full and proper disclosure of the material facts to the deputy district attorney to warrant reliance upon his legal advice." The record does not support this contention. It indicates that none of the matters which we have outlined as support for the order denying judgment notwithstanding the verdict, was disclosed to the district attorney. Unless the information given to the prosecuting officer is complete and fair his advice may not be relied upon to establish probable cause. (See *Burke* v. *Watts*, 188 Cal. 118, 125-126 [204 P. 578]; *Robinson* v. *McKnight*, 103 Cal.App. 718, 729 [284 P. 1056].)

Since we must accept those inferences which support the verdict and reject those which do not, we are required to affirm the order denying defendant's motion for judgment notwithstanding the verdict.

The orders appealed from are, and each of them is, affirmed. Parties to bear own costs on appeal.

Molinari, P. J., and Sims, J., concurred.

The petition of the plaintiff and appellant for a hearing by the Supreme Court was denied April 24, 1968.