[Civ. No. 33042. Second Dist., Div. One. Mar. 14, 1969].

LUCRESIA HAYES, Plaintiff and Respondent, v. LONG BEACH BANANA DISTRIBUTORS, INC., et al., Defendants and Appellants.

Murchison, Cumming, Baker & Velpmen, Arthur W. Meifert and Ronald R. McQuoid for Defendants and Appellants.

Archbald, Zelezny & Spray, Joseph L. Spray, Gostin & Katz, Irwin Gostin, Memel, Memel, Jacobs & Weissburg, Stanley K. Jacobs and Edward L. Lascher as Amici Curiae on behalf of Defendants and Appellants.

Grisham & Cawyer and Jack E. Grisham for Plaintiff and Respondent.

FOURT, J.—This is an appeal from an order granting plaintiff a new trial after a jury verdict in favor of plaintiff.

Plaintiff brought the action for damages for personal injuries. She alleged among other things that at the intersection of certain streets in Long Beach defendant Mancuso operated a truck as an employee of Long Beach Banana Distributors, Inc. (sometimes referred to as Banana) and struck the rear of plaintiff's car while she was stopped at a stop sign thereby causing some minor property damage and serious personal injuries. In a jury trial a verdict for $1,000 was returned in favor of plaintiff and against the defendants. Within due time a notice of intention to move for a new trial was filed. The court heard the motion and on October 10, 1967, made an order.[1]

Defendants within the required time appealed from the order granting a new trial.

A résumé of some of the facts is as follows: it is uncontradicted that the Banana truck did collide with the rear of plaintiff's car on May 29, 1964, at the intersection mentioned in the complaint. There was evidence that the impact was relatively light but that plaintiff did soon thereafter experience considerable pain and discomfort in her neck and

[1]"The matters having been heretofore submitted on Oct. 6, 1967, the court makes the following order:

"Plaintiff's motion for new trial is granted as to the issue of damages only, on the ground of insufficiency of evidence to justify the verdict in an inadequate amount.

"Plaintiff's motion for allowance of costs and defendant's motion to tax costs and to strike the cost bill are ordered off calendar as now being moot.

"Both counsel notified by mail this date by the clerk."

shoulder area and consulted her physician and received medical attention for her injuries. Following a period of extensive medical care and treatment by her family physician, her care was turned over to an orthopedic specialist. The latter testified that plaintiff had a condition medically identified as spondylolisthesis. The evidence showed that plaintiff had done hard domestic work for years without complaint and apparently had enjoyed excellent health. Her doctor (the specialist) testified that plaintiff, because of the continuing discomfort, muscle spasms in the neck, etc., was unable to do housework, that she could not do the work without surgery and that he did not know that she could do the work even if surgery were performed and that in his opinion "the accident triggered the back disability." It was testified that the medical expenses were about $2,650, that the needed surgery would be about $2,500. There was evidence that since July 1965 plaintiff has been totally disabled from doing any type of domestic work and almost totally disabled from most forms of ordinary activity. There was evidence which would support a wage loss of about $4,200 even assuming that she had the required and recommended operation. She had a life expectancy of 19.4 years.

 Appellants assert that the order granting the new trial is fatally defective because the judge failed to state his reason therefor, that it was an abuse of discretion to grant the motion for a new trial where there was sufficient evidence to support the verdict of the jury and that it was an abuse of discretion to grant the motion on the issue of damages only where the evidence on the issue of liability was not overwhelmingly in plaintiff's favor. The only issue of any real consequence is whether the court stated sufficiently its reason for granting the motion and ordering the new trial. We are persuaded that the order is sufficient under the circumstances.

Section 657 of the Code of Civil Procedure provided as follows at the time the motion was acted upon.[2] On several

---

[2] "§ 657, Code of Civil Procedure:

"The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: .

"1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;

"2. Misconduct of the jury; and whenever any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort

occasions courts have had occasion to interpret the section as amended in 1965. (See *Mercer* v. *Perez,* 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315]; *Treber* v. *Superior Court,* 68 Cal.2d 128 [65 Cal.Rptr. 330, 436 P.2d 330]; *Kincaid* v. *Sears, Roebuck & Co.,* 259 Cal.App.2d 733 [66 Cal.Rptr. 915]; *Funderburk* v. *General Tel. Co.,* 262 Cal.App.2d 869 [69 Cal. Rptr. 275]; *Kramer* v. *Boynton,* 258 Cal.App.2d 171 [65 Cal.Rptr. 669]; *Brooks* v. *Harootunian,* 261 Cal.App.2d 680 [68 Cal.Rptr. 374]; *Tagney* v. *Hoy,* 260 Cal.App.2d 372 [67 Cal.Rptr. 261]; *Torres* v. *Southern Pac. Co.,* 260 Cal.App.2d 757 [67 Cal.Rptr. 428].)

---

to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors;

''3. Accident or surprise, which ordinary prudence could not have guarded against;

''4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial;

''5. Excessive damages, appearing to have been given under the influence of passion or prejudice;

''6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against law;

''7. Error in law, occurring at the trial and excepted to by the party making the application.

''When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it . . . is granted and the court's reason or reasons for granting the new trial upon each ground stated.

''A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a contrary verdict or decision.

''The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. The court shall not direct the attorney for a party to prepare either or both said order and said specification of reasons.

''On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons; provided, that the order shall not be affirmed upon the ground of the insufficiency of the evidence to justify the verdict or other decision unless such ground is stated in the order granting the motion; and provided further that on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive damages appearing to have been given under the influence of passion or prejudice, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons. (As amended Stats. 1965, ch. 1749, p. 3922, § 1.)''

The grounds for the granting of the motion in question was "insufficiency of evidence" and the reason was that "the verdict [is] in an inadequate amount."

*Mercer, supra,* stated that section 657 of the Code of Civil Procedure should be given a reasonable and practical construction and that it is sufficient that the stated reason (for granting the motion) be "concise but clear" and that no hard and fast rule can be laid down as to the content of such reason or reasons and that such will necessarily vary according to the circumstances of each case. ■ As stated in *Kincaid, supra,* at page 738, ". . . the trial judge is not necessarily required to cite page and line of the record, or discuss the testimony of particular witnesses, *but instead he need only point out the particular 'deficiency' of the prevailing party's case which convinces him the judgment should not stand.* This accomplishes the purpose of the statute by enabling a reviewing court to 'determine if there is a substantial basis for finding such a deficiency.' " (Italics added.)

■ The judge in this case granted the motion only after weighing the evidence of the entire record, including the reasonable inferences to be drawn therefrom. ■ As stated in *Kincaid, supra,* page 739: "Manifestly it would be unreasonable to infer a statutory intent that the court's stated reasons embrace a discussion of the weight to be given, and the inferences to be drawn from each item of evidence supporting, or impeaching, the judgment. This, we believe, is why the court in *Mercer* v. *Perez, supra,* 68 Cal.2d 104, stated 'we hold that if the ground relied upon is "insufficiency of the evidence" the judge must *briefly* recite the respects in which he finds the evidence to be legally inadequate.' (Italics added.) " ■ Here the court stated that the verdict was in an "inadequate amount" and we believe that this complies with the requirements of the section in question. The specification is certainly concise and clear. The judge addressed himself to what he deemed the deficiency in the evidence and this court is enabled to determine whether there is a substantial basis for the finding of such a deficiency.

■ We understand that an order must be given such a construction as will support it if this may be done within reason and the accepted rules of construction.

■ The defendants in this case at trial took the position that plaintiff had the congenital spondylolisthesis prior to the May 1964 accident. They conceded that the pre-existing condition could have been aggravated by trauma as well as by just

growing old. Defendants contended that while such possibilities did exist it was not the accident of May 1964 which caused plaintiff's low back pains of which she complained at the time of trial; that if the complaints were genuine, they were the result of some other injury or from just growing old and that if they were liable at all the damages should be limited to the general and special damages with reference to the neck and shoulder condition only as well as the property damage which she might have sustained. The trial judge in this case from the record could well have determined that the award did not even cover one-half of the medical costs expended, let alone the loss of earnings, future medical care and pain and suffering which seemingly inevitably accompany an injury to a person afflicted as was plaintiff.

We have considered the remaining assertions or contentions of appellants and we are persuaded that there is no merit thereto.

The order of the trial court in granting the motion for a new trial solely upon the issue of the amount of damages is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied April 14, 1969, and appellants' petition for a hearing by the Supreme Court was denied May 8, 1969.