[Civ. No. 33862. Second Dist., Div. Five. May 28, 1970.]

MARIA STANEK, Plaintiff and Respondent, v.
FRED EDWARD KOHRS, Defendant and Appellant.

COUNSEL

Archibald, Zelezny & Spray, Joseph L. Spray and Edward L. Lascher for Defendant and Appellant.

Hollister, Brace & Angle and John S. Poucher for Plaintiff and Respondent.

OPINION

**FRAMPTON, J.\***—On April 14, 1967, plaintiffs filed their action, numbered 79190, against the defendant wherein they sought damages for personal injuries, and for the cost of repair of plaintiffs' automobile. On April 21, 1967, the defendant filed his action numbered 79238 against the plaintiffs wherein he sought damages for personal injuries, and for the cost of repair of his motor vehicle. Both actions arose out of a collision between the motor vehicle being operated by the plaintiff, Mr. Stanek, in which his wife, Maria Stanek, was riding as a passenger, and the vehicle being operated by the defendant. The accident occurred on April 23, 1966, at the intersection of Chapala and Ortega Streets, in the City of Santa Barbara. The actions were consolidated for trial and were jointly tried before a jury.

A motion for a directed verdict was granted in favor of Maria Stanek

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

and against Kohrs in action number 79238. In action number 79190, the jury returned its verdict in favor of Kohrs and against the Staneks. In action number 79238, the jury returned its verdict in favor of the Staneks and against Kohrs. Judments were entered, respectively, on the verdicts.

A motion for judgment notwithstanding the verdict and a motion for a new trial were made by plaintiff Maria Stanek in action 79190. The motion for judgment notwithstanding the verdict was denied, and the motion for a new trial was granted upon the ground of the insufficiency of the evidence. The other grounds upon which the motion for a new trial was sought are not material to this appeal, and will, therefore, not be commented on.

Upon granting the motion for a new trial, the trial judge signed and filed the following specification of reasons in support of the order: "Having granted plaintiff's motion for new trial on the ground of insufficiency of the evidence to justify the verdict for defendants, the following reasons in support of said Order are herein set forth pursuant to Code of Civil Procedure, Section 657:

"1. The case of Maria Stanek vs. Fred Kohrs, et al., was submitted to the jury for decision upon the issues of the negligence of Fred Kohrs, proximate cause, and damages;

"2. The pleadings did not raise an issue of independent contributory negligence on the part of Maria Stanek;

"3. As a matter of law, any contributory negligence of Maria Stanek's husband, Anthony Stanek, was not imputable to Maria Stanek, because all of the substantial evidence proved that the Stanek automobile was community property.

"4. There was substantial evidence produced at the trial which disclosed that Maria Stanek was injured and that Maria Stanek's injuries were suffered as a proximate result of the automobile accident in which the parties were involved; and

"5. There was substantial evidence which disclosed that Fred Kohrs was negligent in the manner in which he operated his panel truck at the time and place of the accident involved in this case."

It is the sufficiency of the specification of reasons to support the order granting the new trial that is under attack here.

Section 657 of the Code of Civil Procedure provides in pertinent part that "A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict, . . . unless after weighing the evidence

the court is convinced from the entire record including reasonable inferences therefrom that the . . . jury clearly should have reached a different verdict. . . .

"The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. . . .

"On appeal from an order granting a new trial . . . the order shall not be affirmed upon the ground of the insufficiency of the evidence to justify the verdict. . . . unless such ground is stated in the order granting the motion and (b) on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict . . . it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons."

No useful purpose will be served here in detailing the testimony of the witnesses who testified on either side. The record discloses that the accident occurred at about 9 a.m. on Saturday, April 23, 1966, at an intersection controlled by trilite signals which were in operation at the time of the accident. The Stanek vehicle was traveling in a northerly direction on Chapala Street near the center divider, and the Kohrs vehicle was traveling in a westerly direction on Ortega Street when the two vehicles collided within the boundaries of the intersection. The principal dispute was whether the Stanek vehicle lawfully entered the intersection on the green or amber light, thus making the light red for the Kohrs vehicle, or whether the Kohrs vehicle lawfully entered the intersection on the green light, thus making the light red at the time the Stanek vehicle entered the intersection. As is usual in such cases, there was a conflict in the testimony bearing upon these crucial questions.

There is substantial evidence in the record which, if believed by the trier of fact, would sustain a finding that the Stanek vehicle lawfully entered the intersection on the green or amber light, that Kohrs negligently entered the intersection against the red light, and that his negligence was a proximate cause of personal injuries sustained by Mrs. Stanek.

In *Mercer* v. *Perez,* 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315], the court granted a new trial to the plaintiffs after a jury verdict in favor

of the defendants. The motion for a new trial was granted on the sole ground of the insufficiency of the evidence to justify the verdict. The order granting the motion recited only that "The motion for a new trial is granted. The court is of the definite opinion, after analyzing the evidence in this case, that there has been a definite miscarriage of justice. The court is of the opinion that the jury trying this case should have rendered a verdict for the plaintiffs, and against the defendants." (P. 108.) The Supreme Court held the foregoing specification of reasons for granting the motion to be inadequate under the requirements of section 657 of the Code of Civil Procedure as amended in 1965.

In *Mercer,* the Supreme Court said, "The new statute, of course, should be given reasonable and practical construction. [Citation omitted.] To avoid overtaxing our already burdened trial courts, it will be sufficient if the judge who grants a new trial furnishes a concise but clear statement of the reasons why he finds one or more of the grounds of the motion to be applicable to the case before him. No hard and fast rule can be laid down as to the content of such a specification, and it will necessarily vary according to the facts and circumstances of each case. . . . And to give full effect to the new scope of review provided in the fourth paragraph of the 1965 amendments, discussed hereinabove, we hold that if the ground relied upon is 'insufficiency of the evidence' the judge must briefly recite the respects in which he finds the evidence to be legally inadequate; no other construction is consonant with the conclusive presumption on appeal that the order was made 'only for the reasons specified.' Phrasing the requirement in terms of the codification of the trial judge's power in the second paragraph of the amendments (*ante,* fn. 1), such an order must briefly identify the portion of the record which convinces the judge 'that the court or jury clearly should have reached a different verdict or decision.' " (*Mercer* v. *Perez,* 68 Cal.2d 104, 115-116 [65 Cal.Rptr. 315, 436 P.2d 315].)

The language in *Mercer* referring to "the portion of the record," may not reasonably be construed as a requirement that the trial judge must make specific references to a written record by page and line, for it is a matter of common knowledge among lawyers and judges that in the vast majority of cases, a reporter's transcript of the oral proceedings during trial is not available to the trial judge at the time of ruling on a motion for a new trial.

In a personal injury action, such as the one here under consideration, the crucial areas of the record would relate to (1) negligence of the defendant, (2) negligence of the plaintiff driver, (3) imputed negligence of

the plaintiff driver, if any, to his passenger, (4) negligence of the passenger, (5) proximate cause, and (6) damages.

On appeal from an order granting a new trial in an action for damages for malicious prosecution, the following order was held to be sufficient under the 1965 amendment to section 657, Code of Civil Procedure: " 'The motion of said defendant for a new trial is granted upon the ground of the insufficiency of the evidence to justify the verdict and the judgment entered thereon, *for the reason that the evidence does not establish by a preponderance thereof that the defendant did not have probable cause for the arrest of plaintiff; also for the reason that the verdict is excessive.*' " (*Kincaid* v. *Sears, Roebuck & Co.*, 259 Cal.App.2d 733, 736 [66 Cal.Rptr. 915].) In commenting on *Mercer* the appellate court in *Kincaid* stated: "Our reading of *Mercer* v. *Perez* leads us to what we believe is the more reasonable and practical construction. We conclude that the trial judge is not necessarily required to cite page and line of the record, or discuss the testimony of particular witnesses, but instead he need only point out the particular 'deficiency' of the prevailing party's case which convinces him the judgment should not stand. This accomplishes the purpose of the statute by enabling a reviewing court to 'determine if there is a substantial basis for finding such a deficiency.' (P. 115.)" (P. 738.) Although dictum, the court went on to say in *Kincaid* by way of illustration "We consider that such a brief recital of the respects in which the evidence is legally inadequate might be accomplished in the ordinary negligence action after verdict and judgment for plaintiff, by a specification that 'the defendant was not negligent' or that 'the defendant's negligence was not the proximate cause of plaintiff's injuries' or that 'the plaintiff was contributorily negligent' or that 'the plaintiff suffered no damages.' " (P. 739.)

The following specification was held sufficient to sustain the order granting plaintiff's motion for a new trial: " 'Plaintiffs' motion for new trial is granted on the ground of insufficiency of the evidence to justify the verdict of the jury, which verdict was against the law on the ground that the evidence and the law establish that the defendant driver was negligent in the operation of the vehicle, contrary to the finding by the jury as stated by the jury to the Court. . . .' " (*Funderburk* v. *General Tel. Co.*, 262 Cal.App.2d 869, 871 [69 Cal.Rptr. 275].)

The following specification was held adequate to sustain the order granting a new trial: " 'The motion for new trial as to defendant EMERALD is granted on the grounds of insufficiency of evidence to support negligence.' " (*Hoover* v. *Emerald*, 265 Cal.App.2d 637, 639 [71 Cal.Rptr. 500]; see also *Matlock* v. *Farmers Mercantile Co.*, 258 Cal.App.2d 362, 364-365 [65 Cal.Rptr. 723].)

Here, the trial judge surveyed and laid out, in his specification of reasons, the crucial areas of the record in that he (1) eliminated independent contributory negligence on the part of respondent, (2) pointed out that, based upon all of the substantial evidence, any contributory negligence on the part of respondent's husband, the driver of the vehicle, was not imputable to respondent, (3) found substantial evidence in the record that respondent sustained personal injuries proximately caused by the accident, and (4) found that there was substantial evidence which disclosed that the appellant was negligent in the manner in which he operated his vehicle at the time and place of the accident.

We are of the opinion that the foregoing specification of reasons is sufficient in that it is concise but clear, and fulfills the object of the statute since appellant need only address himself to the stated areas in the record bearing upon the issue and this court is enabled to determine if there is a substantial basis to support the court's finding. (Cf. *Kincaid* v. *Sears, Roebuck & Co., supra,* 259 Cal.App.2d 733, 739-740.) As heretofore pointed out, there is substantial evidence in the record to support the trial court's finding, set forth in its specification of reasons, that the appellant was negligent in the operation of his vehicle and that such negligence was a proximate cause of respondent's injuries.

Respondent in her supplemental brief points out that she urged misconduct on the part of the jury in support of her motion for a new trial, supported by the declaration of one of the trial jurors to the effect that during the trial he inspected the intersection where the accident occurred during the course of the trial and conducted experiments to test the ability of a driver going northbound on Chapala Street (direction traveled by Stanek's vehicle) to stop before reaching the intersection when such driver was at different points from the intersection. The juror stated further in such declaration that his experiment and the results thereof was one of the factors which influenced his decision in holding Mr. Stanek guilty of negligence.

Respondent states that the above referred to declaration was filed before her counsel was advised that under the rule laid down in *Sopp* v. *Smith,* 59 Cal.2d 12, such an affidavit may not be used to impeach the verdict of a jury for the type of conduct specified in the declaration. Upon learning of the above rule, respondents' counsel did not file declarations of other jurors then in his possession which would have fortified the claim of misconduct of the jury.

Respondent points out that since the hearing on the motion for a new

trial, the Supreme Court in *People* v. *Hutchinson,* 71 Cal.2d 342, 350 [78 Cal.Rptr. 196, 455 P.2d 132], modified the rule in *Sopp* to permit jurors to impeach a verdict by showing influences caused by those things which are open to sight, hearing, and the other senses and thus subject to corroboration. By reason of the change in the law, respondent asks this court to consider the additional ground of misconduct of the jury to sustain the trial court's order. In view of the conclusion reached herein on the question of the sufficiency of the specification of reasons to support the order, we deem it unnecessary to comment on the question of misconduct of the jury.

The order is affirmed.

Stephens, Acting P. J., and Aiso, J., concurred.

A petition for a rehearing was denied June 15, 1970, and appellant's petition for a hearing by the Supreme Court was denied August 26, 1970. Peters, J., was of the opinion that the petition should be granted.