[L.A. No. 29748. In Bank. Oct. 29, 1970.]

JOHN SCALA, JR., Plaintiff and Appellant, v.
JERRY WITT & SONS, INC., Defendant and Respondent.

COUNSEL

Magana, Olney, Levy & Cathcart, John A. Marin, William B. Murrish and Richard Devirian for Plaintiff and Appellant.

Dryden, Harrington & Swartz, Ellis J. Horvitz, Vernon Foster, John T. Butchko and William D. Keller for Defendant and Respondent.

OPINION

**MOSK, J.**—This is an action for damages for personal injuries arising out of an accident on a construction site. The complaint alleged that plaintiff was employed to install lathing on the premises in question; that defendant Jerry Witt & Sons was a subcontractor performing labor on the same premises; and that defendant negligently allowed an obstruction to be placed in the area where plaintiff was required to work, causing plaintiff to injure himself.

The jury returned a verdict for plaintiff, and judgment was entered ac-

cordingly. Defendant then moved for a new trial on all the statutory grounds. (Code Civ. Proc., § 657.) The motion was granted on the sole ground of insufficiency of the evidence; with respect to the court's reasons for granting the motion on this ground, the order recited only that "there is no sufficient evidence to show that the defendant was negligent and the evidence does show that the plaintiff failed to use ordinary care for his own safety and that that failure was a proximate cause of his injuries."

Plaintiff appeals from the order granting a new trial, contending the court's specification of reasons is inadequate to comply with the mandate of Code of Civil Procedure section 657 as we construed it in *Mercer* v. *Perez* (1968) 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315]. We conclude that the point is well taken and hence the order must be reversed.

Code of Civil Procedure section 657 was amended in 1965 by the addition of four paragraphs of text prescribing substantially new procedures for granting a motion for new trial and for reviewing such an order on appeal. The first paragraph of the amendments provides that "When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated." The fourth paragraph declares in part that on appeal from an order granting a new trial on the ground of insufficiency of the evidence, "it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons."

In *Mercer* v. *Perez* (1968) *supra,* 68 Cal.2d 104, we reviewed in considerable detail the history and intent of these amendments, and our analysis need not be repeated here.  ▆  We explained that the requirement of a specification of reasons served the two-fold purpose of encouraging careful deliberation by the trial court before ruling on a motion for new trial, and of making a record sufficiently precise to permit meaningful appellate review. (*Id.* at pp. 112-115.)  ▆  Applying these principles to the ground before us, we concluded (at pp. 115-116): "to give full effect to the new scope of review provided in the fourth paragraph of the 1965 amendments, . . . we hold that if the ground relied upon is 'insufficiency of the evidence' the judge *must briefly recite the respects in which he finds the evidence to be legally inadequate;* no other construction is consonant with the conclusive presumption on appeal that the order was made 'only for the reasons specified.' Phrasing the requirement in terms of the codification of the trial judge's power in the second paragraph of the amendments . . . , such an order *must briefly identify the portion of the*

*record* which convinces the judge 'that the court or jury clearly should have reached a different verdict or decision.' " (Italics added; fn. omitted.)

In the case at bar the specification of reasons merely recited that under the court's view of the evidence (1) the defendant was not negligent and (2) the plaintiff was guilty of contributory negligence proximately causing his injuries. A number of Court of Appeal decisions since *Mercer* have either held or stated that similar specifications of reasons are sufficient to comply with the requirements of section 657.[1] The germinal impetus of this line of cases was a dictum in *Kincaid*,[2] which *Funderburk* promptly elevated into "a rule that a specification of reasons couched in terms of ultimate fact is adequate." (*Funderburk* v. *General Tel. Co., supra,* 262 Cal.App.2d 869, 875.) Most of the ensuing decisions so holding (*ante,* fn. 1) have simply invoked the "ultimate fact rule" of *Funderburk* and affirmed new trial orders however meager their specification of reasons.

A parallel line of Court of Appeal decisions has held, however, that a specification of reasons phrased in terms of "ultimate fact" is *not* adequate to comply with section 657. First, in *McLaughlin* v. *City etc. of San Francisco* (1968) 264 Cal.App.2d 310 [70 Cal.Rptr. 782], the court entered a conditional order granting a new trial on the issue of damages; the ground was insufficiency of the evidence to justify an allegedly excessive verdict, and the reason was "the failure of the Plaintiff to prove by a preponderance of the evidence reasonable total damages, both general and special," in excess of a given figure. Reversing the order of new trial, the Court of Appeal pointed out that such a specification of reasons in effect "merely reiterated the ground itself." (*Id.* at p. 316.) The court then turned to the record on appeal and explained that because of the inadequacy of the specification of reasons "we simply cannot identify the respects in which the

---

[1]*Matlock* v. *Farmers Mercantile Co.* (1968) 258 Cal.App.2d 362, 367 [65 Cal.Rptr. 723]; *Kincaid* v. *Sears, Roebuck & Co.* (1968) 259 Cal.App.2d 733, 738-739 [66 Cal.Rptr. 915]; *Funderburk* v. *General Tel. Co.* (1968) 262 Cal.App.2d 869, 875 [69 Cal.Rptr. 275]; *Hoover* v. *Emerald* (1968) 265 Cal.App.2d 637, 641 [71 Cal.Rptr. 500]; *Martinez* v. *Harris* (1969) 273 Cal.App.2d 385, 392-395 [78 Cal.Rptr. 325]; *Cullum* v. *Seifer* (1969) 1 Cal.App.3d 20, 23-24 [81 Cal.Rptr. 381]; *Russell* v. *Nelson* (1969) 1 Cal.App.3d 919, 922-923 [82 Cal.Rptr. 221]; *Schultz* v. *Mathias* (1970) 3 Cal.App.3d 904, 911, fn. 2 [83 Cal.Rptr. 888]; *Stanek* v. *Kohrs* (1970) 8 Cal.App.3d 283, 287-289 [87 Cal.Rptr. 241]; cf. *Hayes* v. *Long Beach Banana Distr., Inc.* (1969) 270 Cal.App.2d 658, 662 [76 Cal.Rptr. 260] [reason specified for granting new trial on damages was that "the verdict [is] in an inadequate amount"].

[2]"We consider that such a brief recital of the respects in which the evidence is legally inadequate might be accomplished in the ordinary negligence action after verdict and judgment for plaintiff, by a specification that 'the defendant was not negligent' or that 'the defendant's negligence was not the proximate cause of plaintiff's injuries' or that 'the plaintiff was contributorily negligent' or that 'the plaintiff suffered no damages.' " (Fn. omitted.) (*Kincaid* v. *Sears, Roebuck & Co., supra,* 259 Cal. App.2d 733, 739.) *Kincaid* was not an "ordinary negligence action," but a suit for damages for malicious prosecution.

trial court found plaintiff's evidence to be insufficient." (*Ibid.*) Noting several possibilities, the court continued (at p. 317): "In these areas, we could speculate as to where the trial court thought the deficiencies lay, and its reason for granting the new trial might be identified by inference. But the 1965 amendment of section 657 was designed to put an end to speculation of this nature, and we are not permitted to infer the trial court's reasons where we have not been told what they are. (*Mercer* v. *Perez, supra,* 68 Cal.2d 104 at p. 117.)" Quoting from *Mercer,* the court concluded (at pp. 317-318): "On the present appeal, plaintiff cannot 'address himself' to any asserted deficiencies in his proof, and we cannot 'determine if there is a substantial basis for finding such a deficiency,' because the order refers to none. The *Mercer* decision, and others which have followed and applied it as discussed herein, *establish only minimum standards* which need be met in order to state an adequate specification of reasons under the amended version of section 657. Guided, however, by the Legislature's demonstrated purpose in amending the statute, we conclude that even the minimum standards were not met here." (Italics added.)

*Hilts* v. *County of Solano* (1968) 265 Cal.App.2d 161 [71 Cal.Rptr. 275], was a wrongful death action predicated in part on the alleged negligence of a truck driver and his employer; the jury rendered verdicts for these defendants, but a new trial was granted with respect to the defendant employer. The Court of Appeal characterized the order as granting a new trial in essence because the defendant employee was negligent and the plaintiffs' decedent was not negligent. Among several grounds on which the order was reversed, the appellate court held (at p. 177) that the specification of reasons was insufficient "in that it does not attempt or purport to recite the respects in which the evidence is legally inadequate, as is required by Code of Civil Procedure section 657," citing *Mercer.*

In *Van Zee* v. *Bayview Hardware Store* (1968) 268 Cal.App.2d 351 [74 Cal.Rptr. 21], the plaintiff sued for injuries caused by the explosion of an allegedly defective aerosol paint can; after judgment in his favor, a new trial was granted on the dual grounds of misconduct of the jury and insufficiency of the evidence. The Court of Appeal held both grounds untenable and reversed the order. The specification of reasons on the second ground stated only that "the evidence is insufficient to support the verdict in that the evidence does not establish that the Zynolyte aerosol paint can was defective at any time prior to the delivery of said can to the possession of the Plaintiff." The appellate court declared (at p. 359) that the specification was "inadequate" and "does not satisfy the purposes of section 657 of the Code of Civil Procedure. It is true that it states the failure to prove the main ultimate fact in the case. The burden of proving that the can was defective rested upon plaintiff. [Citations.] But the

*reason* given is hardly more definite than is the stated *ground.*" The court further noted (*ibid.*) that our explanation of section 657 in *Mercer* "has not been followed literally in certain cases of the Courts of Appeal" (citing *Matlock, Kincaid,* and *Funderburk*), and endeavored to reconcile the latter with the *Mercer* requirements. Contrary to the *Funderburk* "rule," however, the *Van Zee* court concluded (at p. 360) that "where the ground is insufficiency of the evidence, the purposes of the statute frequently can be satisfied only if the reviewing court and the parties to the action are given more than a statement which declares that they have failed to prove the ultimate fact which they were required to establish."[3]

The *McLaughlin-Van Zee* approach to this issue is correct. ■ The cardinal rule in the process of construing section 657—as with any other statute—is to give effect to the intent of the Legislature. (*Mercer v. Perez, supra,* 68 Cal.2d at p. 112.) ■ As noted above, we explained in *Mercer* the two-fold intent underlying the requirement of a specification of reasons. (*Id.* at pp. 113-115.) Of these two purposes, the need "to make the right to appeal from the order more meaningful" (*id.* at p. 113) is perhaps the more useful yardstick to an appellate court for measuring the adequacy of the specification. We pointed out (at p. 114) that before the 1965 amendments to section 657 an appellant "had no way of knowing which portions of the proof were deemed inadequate and required justification before the reviewing court. . . . The scope of review thus encompassed the entire body of the testimony and exhibits introduced at the trial. The appellate court could find itself considering alleged insufficiencies totally unrelated to those relied upon by the trial judge. . . ." Since the 1965 amendments, we observed, the scope of review has been "narrowed to more manageable proportions: the appellant need only address himself to those asserted deficiencies in the proof which are specified as reasons for the order, and the reviewing court need only determine if there is a substantial basis for finding such a deficiency in any of the respects specified." (*Id.* at p. 115.)

To comply with section 657 as we construed it in *Mercer,* the specification of reasons must therefore serve at least the foregoing purpose. But a specification which merely recites that under the court's view of the evidence "the defendant was not negligent" or "the plaintiff was negligent" is of little if any assistance to the appellant or to the reviewing court. ■ Negligence, whether of the defendant or of the plaintiff, is a complex issue requiring for its resolution the determination of the existence or non-existence of a variety of different elements, including the standard of due

---

[3]See also *McCown v. Spencer* (1970) 8 Cal.App.3d 216, 227 [87 Cal.Rptr. 213] [order granting new trial reversed because specification of reasons "is inadequate and is of little assistance to us."].

care, foreseeability of risk, duty to the person injured, breach of that duty, cause in fact, and proximate cause. To state that a party "was not negligent" does not identify which one or more of the foregoing elements the adversary failed to prove by a preponderance of the evidence; and to state that a party "was negligent" does not identify which of his acts or omissions deviated so far from the conduct of an ordinarily prudent person as to warrant that condemnation. ██ Indeed, it borders on the tautological to "specify" that a new trial is granted on the ground of the insufficiency of the evidence to justify the verdict finding the defendant negligent *because* that evidence fails to show the defendant was negligent. Such a "reason" simply reiterates the ground of the ruling itself.

It was precisely because of this danger that in an often-quoted passage of *Mercer* (68 Cal.2d at p. 116) we required the trial judge to briefly identify the deficiencies he finds in "the evidence" or "the record" or (at p. 115) "the proof"—rather than merely in "the issues" or "the ultimate facts." In paraphrasing this language, however, certain Courts of Appeal have subtly shifted the emphasis to identification of deficiencies in "the prevailing party's case" (*Kincaid v. Sears, Roebuck & Co., supra,* 259 Cal.App.2d 733, 738). Carried to the extreme of referring only to the "ultimate facts" of the case, this approach in effect turns back the clock to the pre-1965 period when "the appellant was left in the dark as to which aspect of the trial to defend, and quite understandably struck out blindly in several directions at once. This process, however, was not likely to illuminate the reviewing court, which remained equally uninformed of the basis on which the trial judge acted." (*Mercer v. Perez, supra,* 68 Cal.2d at p. 113.)

██ Turning to the facts of the case at bar,[4] we begin by appraising the

---

[4]This appeal is before us on an extremely abbreviated record. Neither party requested that the oral proceedings—although apparently reported—be transcribed, and the clerk's transcript contains little more than the complaint, the motion for new trial, and the minute order ruling on that motion. Ordinarily, of course, such an appeal would fail for want of an adequate record, as it is an appellant's burden to properly present his case. (See, e.g., *Utz v. Aureguy* (1952) 109 Cal.App.2d 803, 805-806 [241 P.2d 639]; *Erikson v. Sullivan* (1947) 81 Cal.App.2d 790 [185 P.2d 31].) In this instance, however, we deem the shortcoming to be outweighed by the need for this court to resolve the growing conflict among Court of Appeal opinions in their construction of section 657 and their interpretation of *Mercer.*

We are empowered to order on our own motion that portions of the oral proceedings be transcribed or that an agreed or settled statement be prepared. (Cal. Rules of Court, rule 12(a).) But either procedure would entail additional expense and delay which appear unjustifiable in view of the limited scope of inquiry on this type of appeal. On the other hand, the record does contain defendant's points and authorities in support of the motion for new trial; this document includes detailed summaries of the testimony upon which the trial court was asked to rule the verdict to be against the weight of the evidence. For our present purpose, therefore, a sufficient acquaintance with the facts and issues of the case may be derived from the analysis set forth in these points and authorities.

trial court's first specification that there was "not sufficient evidence to show that the defendant was negligent." It appears plaintiff testified that on July 3, 1963, he was working as a lather on the homesite in question. His job was to tie horizontal wires on the studs of the attic wall, while standing on the adjacent roof of the living room. As was the custom of the lathing trade, he did so by walking backwards holding a spool of wire in one hand and tying the wire with the other. He observed employees of defendant, the roofing subcontractor, delivering stacks of adobe tiles to the southeast corner of the living room roof by means of a lift-bed truck. Plaintiff saw that the stacks were being placed some four feet from the attic wall, leaving him room to pass, and he continued to walk backwards. As he approached the edge of the roof, however, he tripped over a stack of tiles lying only one foot from the attic wall, and injured himself in the ensuing fall.

In sharp contrast, defense witnesses testified that no such tiles were delivered to the site on July 3, 1963. Defendant Witt denied he either owned or had the use of a lift-bed truck on the day in question; the general contractor testified that the southeast corner of the living room was inaccessible to such a vehicle because of the steepness of the terrain and the looseness of the soil; and the foundation subcontractor testified that since the end of June such access had also been barred by a concrete retaining wall. According to further testimony for the plaintiff, the living room roof had not yet been covered by a code-required membrane at the time the tiles were allegedly delivered; but several defense witnesses testified that such a sequence was unheard of in their collective years of experience in the construction business, pointing out it would require the tiles to be removed and then delivered again after installation of the membrane.

If the trial judge determined that the evidence preponderated in favor of the defense position that the tiles were not in fact delivered on the day of the accident, a brief descriptive statement of that fact in the specification of reasons would have sufficed to focus thereon the attention of the appellant and the reviewing court. Without such an explanation it is impossible now to divine whether a finding in this regard was the basis of the court's conclusion that defendant "was not negligent."

Assuming the tiles were delivered on the day of the accident, the defense also denied that any were left in the position described by plaintiff. The general contractor testified he inspected the site every day and never saw roof tiles placed in such a manner; a building inspector explained—and his testimony was corroborated by the general contractor and by defendant Witt—that roof tiles are never stacked nearer than five feet to a lathed wall, for to do so would expose them to breakage by plasterers and to defacement by plaster being applied to that wall. Again, if the judge determined on the basis of the foregoing evidence that the tiles were not in fact left in plain-

tiff's path, he could easily have so stated in a sentence or two. Absent such a statement, we cannot know if this is the fatal defect in plaintiff's case as viewed by the court.

Assuming, finally, that one stack of tiles was placed a foot from the attic wall, additional questions arose concerning the reasonableness of the conduct of defendant's employees: Would ordinarily prudent persons in their position have observed plaintiff's backwards movement? If not, would they have known in any event that such movement is a custom of the lathing trade? If they were aware of such movement, would they have anticipated plaintiff's path? If so, would they have foreseen a substantial risk of harm to plaintiff? Or would they have concluded that plaintiff could reasonably be expected to look at his footing from time to time and notice such an open and obvious danger as a stack of roof tiles? For any one of these several reasons the trial judge might have determined that defendant "was not negligent," and to so specify would have taken little time and effort.

Nor are we more enlightened by the court's second reason for its ruling, i.e., that the evidence showed that plaintiff "failed to use ordinary care for his own safety," proximately causing his injuries. The building inspector testified that a code-required frame inspection did not take place until July 5, 1963, and that lathers were not supposed to be on the job until that time. Weighing the effect of this evidence, the judge might have concluded that plaintiff was negligent because he either knew or should have known this fact and nevertheless chose to begin work before the site was ready for him; alternatively, plaintiff conceded he could have worked on other portions of the project while the tile was being delivered.

Plaintiff's testimony that he walked backwards as he strung his wire raised, of course, another group of questions concerning the reasonableness of his conduct: Was this in fact a custom of the lathing trade? Even if it were, would an ordinarily prudent lather have relied on this custom in the circumstances in which plaintiff found himself—i.e., on a rooftop, without guardrails, knowing that stacks of tiles were being placed near his path? Even though walking backwards, would such a person have maintained a lookout for tiles left in his path? If so, would he have seen the stack that resulted in the accident in the case at bar?

The court's appraisal of the evidence bearing on any one of these multiple issues might have been the "reason" for its conclusion that plaintiff was guilty of contributory negligence. Lacking a simple but informative explanation in this regard, we remain in pre-1965 darkness as to the true basis of the court's ruling.

It follows that a specification of reasons phrased, as here, in terms

of such "ultimate facts" as defendant's freedom from negligence and plaintiff's guilt of contributory negligence frustrates rather than promotes the legislative purpose of facilitating meaningful appellate review of the order granting a new trial, and hence is inadequate to comply with the mandate of Code of Civil Procedure section 657.[5] Language to the contrary in the cases cited in footnote 1, *ante*, is disapproved.

We are well aware of the many urgent demands on the time of our busy trial courts. ■ We agree, for example, that to comply with section 657 "the trial judge is not necessarily required to cite page and line of the record, or discuss the testimony of particular witnesses," nor need he undertake "a discussion of the weight to be given, and the inferences to be drawn from each item of evidence supporting, or impeaching, the judgment." (*Kincaid* v. *Sears, Roebuck & Co., supra,* 259 Cal.App.2d 733, 738, 739.) On the other hand, he must do more than in effect reiterate the ground of his ruling. ■ As we observed in *Mercer* (68 Cal.2d at p. 115), "The new statute, of course, should be given a reasonable and practical construction. [Citation.] To avoid overtaxing our already burdened trial courts, it will be sufficient if the judge who grants a new trial furnishes a concise but clear statement of the reasons why he finds one or more of the grounds of the motion to be applicable to the case before him. No hard and fast rule can be laid down as to the content of such a specification, and it will necessarily vary according to the facts and circumstances of each case." ■ We reaffirm this view, adding only that in instances of doubt the judge would do well to apply the yardstick used in *McLaughlin, Van Zee,* and the case now before us, i.e., by considering whether his proposed specification of reasons will fairly serve the legislative purposes elucidated in *Mercer.* This is not an impossible task, as we see from many examples of adequate specification of reasons which have appeared in the reported decisions.[6]

---

[5]The same is true of a specification of reasons stating merely that "the defendant was negligent" in an order granting a plaintiff a new trial after a defense verdict. While there may be certain analytical differences between review of a plaintiff's new trial order and review of a defendant's new trial order (see *Holder* v. *Home Sav. & Loan Assn.* (1968) 267 Cal.App.2d 91, 111 [72 Cal.Rptr. 704]), the specification of reasons must be sufficient to fulfill the same need, i.e., an adequate record for purposes of review. The cases discussed in this opinion present instances of both situations.

[6]E.g., *Ridge* v. *Calabrese Supply Co.* (1968) 263 Cal.App.2d 546, 553 [69 Cal. Rptr. 844]; *Dixon* v. *St. Francis Hotel Corp.* (1969) 271 Cal.App.2d 739, 741, fn. 1 [77 Cal.Rptr. 201]; *Basilio* v. *Reif* (1969) 272 Cal.App.2d 564, 565-567 [77 Cal.Rptr. 521]; *Roseboro* v. *Rawlings Mfg. Co.* (1969) 275 Cal.App.2d 43, 47-48 [79 Cal.Rptr. 567]; *Klinger* v. *Henderson* (1969) 276 Cal.App.2d 774, 776-777 [81 Cal.Rptr. 305]; *Herman* v. *Shandor* (1970) 8 Cal.App.3d 476, 482 [87 Cal.Rptr. 443]. *Collins* v. *Lucky Markets, Inc.* (1969) 274 Cal.App.2d 645, 650-652 [79 Cal.Rptr. 454], is a marginal case on its facts, and those portions of the opinion which quote from decisions listed in footnote 1, *ante,* are disapproved.

██ Finally, defendant asks that we make our decision herein purely prospective because the order granting a new trial was assertedly "in accord with controlling appellate court decisions" at the time it was entered. (See *Aced* v. *Hobbs-Sesack Plumbing Co.* (1961) 55 Cal.2d 573, 579-580 [12 Cal.Rptr. 257, 360 P.2d 897].) We cannot agree. The order was made almost a full year after our ruling in *Mercer*, which prescribed in as much detail as feasible the duty of a trial court to comply with section 657. Today's decision is no new departure in the law, but simply reiterates the *Mercer* construction of the statutory intent and the manner of translating that intent into action.

The order is reversed.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

Respondent's petition for a rehearing was denied November 25, 1970.