[Civ. No. 45574. Second Dist., Div. Five. Aug. 12, 1975.]

BENJAMIN J. WORDEN, Plaintiff and Respondent, v.
LONNIE GRADY GENTRY et al., Defendants and Appellants.

## COUNSEL

Harry S. Fenton, Joseph A. Montoya, Robert L. Meyer, Hugh R. Williams, Robert W. Vidor, Dryden, Harrington & Swartz and Peter Abrahams for Defendants and Appellants.

Garcia & Seldman and Norman Seldman for Plaintiff and Respondent.

## OPINION

**HASTINGS, J.**—Plaintiff, Benjamin Worden, a police officer, instituted this action to recover damages for personal injuries sustained when he was thrown off his motorcycle as it allegedly skidded out of control due to a spillage of diesel fuel on Lakewood Boulevard in the City of Downey. C & E Transportation Co. (C & E), Lonnie Grady Gentry (Gentry), an employee of C & E, and the State of California, Department of Transportation (State) were named as defendants. The complaint alleged that Gentry and C & E negligently caused a large amount of oil to be left on the highway in the area where plaintiff lost control of his motorcycle, thereby causing injury to plaintiff. Plaintiff's theory of liability against State was that the roadway on which the motorcycle skidded was in a dangerous condition due to the spillage and that agents and employees of State were advised of the spillage and aware of the dangerous condition created thereby, but failed to alleviate it. C & E, Gentry, and State denied all material allegations of the complaint; State's principal defense was that its agents and employees took reasonable action to protect against the hazard as soon as they received notification of it; C & E and Gentry pleaded the defenses of contributory negligence and assumption of the risk. The jury returned a verdict for defendants and judgment was entered accordingly. Defendants appeal from an order granting plaintiff's motion for new trial.[1] Worden has not cross-appealed.

Worden's motion for new trial specified four grounds: (1) irregularity in proceedings by the jury; (2) misconduct of the jury; (3) newly discovered evidence; and (4) insufficiency of evidence to justify the verdict or that it is against law. Worden's attorney filed a declaration in support of his motion stating, in effect, that his discussion of the verdict with several (unidentified) members of the jury indicated "prejudice on the part of the jurors voting for a defense verdict based on feelings against police officers" and that these jurors had returned a defense verdict in disregard of "the facts and evidence concerning the cause and effect of oil spillage."

---

[1]C & E and Gentry appeal from the "Order Setting Aside the Verdict and Specification of Reasons" signed by the trial court and filed April 24, 1974. State appeals from the April 15, 1974, minute order granting a new trial since the entry of this minute order constituted "a determination of the motion even though such minute order as entered expressly directs that a written order be prepared, signed and filed." (Code Civ. Proc., § 660; *Meskell v. Culver City Unified School Dist.*, 12 Cal.App.3d 815, 819, fn. 1 [96 Cal.Rptr. 773]; *Desherow v. Rhodes*, 1 Cal.App.3d 733, 745 [82 Cal.Rptr. 138].)

At the hearing on the motion on April 15, 1974, the argument of Worden's counsel was a brief restatement of the matters set forth in his declaration. This was objected to by State's counsel on the ground of being an attempt to impeach the jury's verdict by hearsay statements of counsel. The trial court concurred with this objection, and then proceeded to consider the ground of insufficiency of the evidence. After orally reviewing some of the testimony, the trial court stated: "I feel that in this case the jury just completely ignored the evidence or didn't pay any attention to what the Court instructed them, and I'm going to grant a new trial on the basis of the insufficiency of the evidence to support the verdict. The reasons I have just given are my specification of reasons as required by Section 657."[2] The minute order of April 15, 1974, states: "Plaintiff's motion for new trial comes on for hearing, is heard and granted. Court sets forth its grounds and specifications of reasons pursuant to C.C.P. 657, on the record. Counsel for moving party plaintiff, is directed to prepare the order in this matter pursuant to C.C.P. 657. Copy of this minute order is mailed to counsel this date."

Thereafter, an "Order Setting Aside the Verdict and Specification of Reasons" was prepared by Worden's attorney on his law firm's stationery, signed by the court and filed on April 24, 1974.

■ Defendants contend on this appeal that since the minute order of April 15, 1974, failed to specify either the grounds or the reasons for granting a new trial, and that since the subsequently drafted attorney-prepared order purporting to set forth the grounds and specifications was in direct contravention of Code of Civil Procedure section 657,[3] it must be conclusively presumed in this appeal that the new trial was not granted on the ground of insufficiency of the evidence to justify the verdict. Relying upon *Russell* v. *Nelson,* 1 Cal.App.3d 919 [82 Cal.Rptr. 221], Worden contends that this case is clearly distinguishable in that the

[2]The trial court further stated: "I took all this time to say it so I wouldn't have to go in chambers and dictate it, which might take several days. But I have now specified the reasons."

[3]Code of Civil Procedure section 657 states in pertinent part: "When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated. . . .[¶] The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. *The court shall not direct the attorney for a party to prepare either or both said order and said specification of reasons. . . .*" (Italics added.)

attorney-prepared order of April 24 was merely a ministerial act. The specification of reasons as orally set forth by the court at the hearing of April 15 complied with the requirements of section 657; therefore, the trial court's error in having the attorney draw up the subsequent order was "harmless."

However, the reasoning of *Russell* on the issue of attorney-prepared orders seems to be contra to the legislative intent in amending section 657 in 1965.

In *Stevens* v. *Parke, Davis & Co.,* 9 Cal.3d 51 [107 Cal.Rptr. 45, 507 P.2d 653], the court held that section 657 contemplates a written specification of reasons that may be set forth in only two places—either in the order itself or in a separate document filed with the clerk. "[O]ral statements made by the trial judge at the hearing of the motions clearly do not satisfy this requirement." (*Id.* at p. 63.)

In the recent case of *La Manna* v. *Stewart,* 13 Cal.3d 413 [118 Cal.Rptr. 761, 530 P.2d 1073], the Supreme Court reemphasized its holding in *Mercer* v. *Perez,* 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315], that in granting motions for a new trial, strict compliance with section 657 was mandatory, and that the trial court cannot shift the burden of preparing the requisite specification of reasons to counsel. In *La Manna,* it was argued that the trial court's oral statement of reasons given in open court "substantially complied" with section 657 and further, it constituted adequate notice of the court's reasons to the adverse party, thus satisfying the two-fold purpose of the 1965 amendments. In rejecting this contention, the court referred to *Stevens* in which a similar reliance on oral statements by the trial judge was rejected.

The court noted at pages 420-422: "It is contended that *Stevens* is factually distinguishable because in the case at bar the wording of the oral statement implies that it was embodied in a written order which the trial court read into the record at the time of ruling on the motion for new trial [fn. omitted]. From this it is inferred that the requirement of section 657 that the specification of reasons be 'prepared' by the court within the statutory period was satisfied, and it is urged that this is the sole jurisdictional requirement of the section.

"The argument is untenable both in fact and in law. To begin with, there is no proof the trial court was actually reading from a previously 'prepared' written order when it gave its oral statement; ...

"In any event, the proposed distinction is legally irrelevant. Section 657 declares that the order which determines the motion for new trial 'must be made and entered as provided in Section 660. . . .' Section 660 provides in relevant part that 'A motion for a new trial is not determined within the meaning of this section until an order ruling on the motion (1) is *entered* in the permanent minutes of the court or (2) is *signed* by the judge and *filed* with the clerk.' (Italics added.) . . .

". . . [I]n adopting section 657, the Legislature has expressly directed that the court 'prepare,' 'sign,' and 'file' the written specification of reasons. It is not for us to decide that only the first of these three judicial acts really matters. . . . Each of these statutory requirements, accordingly, is mandatory and jurisdictional."

In the present case, the trial court's reference in its minute order to its oral statement of reasons made during the hearing clearly does not satisfy the requirements of section 657. Further, it is evident that the preparation of the formal order was not merely "a ministerial act," but was a summarization and interpretation of the trial court's reasoning.

Worden argues that any error by the trial judge in not preparing the order was "harmless" since the record adequately reflects the basis of the trial court's ruling. However, a similar contention was rejected in *La Manna*. The court stated at page 423, footnote 9: "Deserving of only brief comment is plaintiff's claim that 'no actual prejudice to Defendant appears' from the trial court's failure to file a timely written specification of reasons. No such showing has ever been demanded by this court, either in *Mercer* or any of its progeny. [Citations.] To require the appellant in such a case to prove not only that the trial court violated section 657 but also that such violation caused him particular and identifiable prejudice would obviously frustrate the salutary purposes of this legislation. In section 657 the Legislature has said to the trial courts, 'You must follow certain specific steps in granting a motion for new trial'; it has not said, 'You need not follow these steps unless your failure to do so would actually harm the litigant against whom the motion is granted.' "

In *La Manna*, it was also argued that the order should be affirmed since a timely and reasonable attempt to procure compliance by the trial court was made. Four days after the motion was orally granted, plaintiff submitted to the court a memorandum together with a three-page specification of reasons prepared by plaintiff, which she asked the court

to consider or adopt in whole or in part. The trial court took ïno action in response to this request. In rejecting this contention the court at pages 424-425 stated: "As noted above, section 657 declares in part that 'The court shall not direct the attorney to prepare either or both said order or said specification of reasons.' . . . In view of the plain statutory directive that 'the court' shall specify the reasons for granting a new trial, the fatal omission of such a specification cannot be filled by any act of counsel or party. . . . We decline to thus 'open the door' to old abuses·which section 657 was enacted to foreclose. . . . The final responsibility for compliance with section 657 remains where the Legislature has deliberately placed it, on the trial judge."

In the present case the·trial court never reduced its specification of reasons to writing, erroneously believing that its oral specifications at the hearing were adequate. It is to be noted that the trial court clearly intended to grant the new trial solely on the basis of the insufficiency of the evidence to support the verdict, and it rejected the additional grounds proposed. During argument, the trial court referred to certain conduct that left him with the impression that the jurors were "a very strange group of people." However, it also stated: "I cannot point to anything of a real form of allegation, you .might say, that would constitute irregularity of the proceedings of the jury. . . ." Nevertheless, the attorney-prepared order sets forth as one of the specifications of reasons: "Irregularity in the proceedings of the jury." It is just this sort of error that the mandatory provisions of section 657 were meant to eliminate.

Though the failure of the trial court to follow the requirements of section 657 precludes consideration of the ground of insufficiency of evidence, we must determine if the record herein will support any of the other grounds stated in plaintiff's motion. (*Treber* v. *Superior Court,* 68 Cal.2d 128, 133-134 [65 Cal.Rptr. 330, 436 P.2d 330].) Other grounds relied on were: irregularity in proceedings by the jury; misconduct of the jury; and newly discovered evidence. As to the ground of newly discovered evidence, this was not argued at the hearing nor was it supported by any affidavits as required by Code of Civil Procedure section 658. The record discloses no basis for affirmance on this ground.

■ Nor does the record contain legally sufficient affidavits as required by section 658 in support of the first two grounds. The declaration of counsel filed with the motion was merely hearsay as to the jurors' alleged prejudice based on "feelings against police officers." The

trial court, at the hearing, properly concluded that it was an impermissible attempt to impeach the jury's verdict and mental processes and could not be considered in support of either ground. (See *Aronowicz* v. *Nalley's Inc.,* 30 ·Cal.App.3d 27, 41 [106 Cal.Rptr. 424]; Evid. Code, § 1150, subd. (a).) From an examination of the record, it is clear that there is also no adequate basis to support granting a new trial on either irregularity in proceeding by the jury or on misconduct of the jury.

The order granting a new trial is reversed.

Stephens, P. J., and Ashby, J., concurred.